## The State v. Warren Campbell.

Article 399c of the Penal Code reads as follows: " If any person shall commit, with mankind or beast, the abominable and detestable crime against nature, he shall be deemed guilty of sodomy, and, on conviction thereof, he shall be punished by confinement in the penitentiary for not less than five nor more than fifteen years." (Paschal's Dig., Art. 2033.) It is not enough to charge this offense in the very words of the statue. The facts which put the defendant upon notice of the specific act must be stated.

It is a general, but not a universal rule, that an offense created by a statute may be charged in the words of the statute. More particularity is sometimes required, from the obvious intention of the legislature, or from the application of known principles of law.

If every fact necessary to constitute the offense is charged, or necessarily implied, by following the language of the statute, the indictment is sufficient; otherwise, not.

Appeal from Karnes. The case was tried before Hon. Benjamin F. Neal, one of the district judges.

The indictment charged that " Warren Campbell, a freedman of color, with a certain mare, of color commonly called a bay, did willfully and feloniously commit the abominable and detestable crime against nature." The defendant excepted to the indictment, that the offense was not sufficiently described. The exception was sustained, and the indictment quashed, from which the State appealed.

*F. C. Hume,* for the State.—As to the third exception to the indictment, sustained by the court below, it is respectfully submitted that the offense charged is fully and clearly defined in the statute, and a penalty affixed thereto. (Paschal's Dig., Art. 2033.)

The design of the legislature in enacting the Penal Code was "to define in plain language every offense against the laws of the State, and affix to each offense its proper punishment." (Paschal's Dig., Art. 1603.) And it is further declared, that no person shall be punished for any act or omission, as a penal offense, unless the same is expressly

defined, and the penalty affixed by the written law of this State." (Paschal's Dig., Art. 1605.)

The question arising here is, whether such an offense as sodomy is set forth in the statute in definite terms, and it is thought that this question cannot for a moment be entertained, as there can be no doubt as to the meaning of "the abominable and detestable crime against nature," the words having never been used to signify any other offense than that of sodomy. (9 Bacon's Ab., 158; 4 Black. Com., 214; 1 Jacobs' Law Dic., 375; 2 Chitty's Crim. Law, 47, 48.)

The court erred in sustaining the fourth exception, as the indictment embraced every particularity necessary to its validity; for, in general, it is sufficient to describe an offense in the words of the statute. (United States v. Lancaster, 2 McLean, 431; State v. Mitchell, 6 Miss., 147; State v. Helm, 6 Miss., 263.)

An indictment charging a statute offense in the language of the statute, and so plainly that the nature of the offense may be understood by the jury, is sufficient. (Camp v. The State, 3 Kelly, 417.)

[No brief for the appellee has been furnished to the *Reporter.*]

DONLEY, J.—The law, for the alleged violation of which this indictment is found, provides, that "If any person shall commit with mankind or beast the abominable and detestable crime against nature, he shall be deemed guilty of sodomy." [Paschal's Dig., Art. 2033.]

The charge in the indictment substantially pursues the language of the statute. It does not, however, mention the name of the offense. There is an exception to the indictment, that it does not charge any offense known to the law, and that it does not describe the offense charged against the defendant with certainty, sufficient to apprize him of what he is called upon to answer.

In The People v. Taylor, 3 Denio, 93, it is said to be a general, though not a universal rule, that in indictments for offenses created by statute it is sufficient to charge or describe the offense in the words of the statute.

In Moffitt v. The State, 6 Eng., 169, this general rule is recognized, yet it is said there are cases where more particularity is required, either from the obvious intention of the legislature or from the application of known principles of law.

It is said in The Commonwealth v. Stout, 7 B. Monr., 249, that "An indictment in the words of a statute is not always sufficient; whether sufficient or not, depends upon the manner of stating the offense in the statute. If every fact necessary to constitute the offense is charged, or necessarily implied, by following the language of the statute, the indictment in the words of the statute is undoubtedly sufficient, otherwise it is not."

In The Commonwealth v. Cook, 13 B. Monr., 149, it is said: "A presentment in the words of the statute, although generally, is not always sufficient. The act relied upon as constituting the offense should be averred."

In Archbold's Criminal Pleadings, 311, the form of an indictment for the offense here attempted to be charged is given. By this form it appears, that the acts constituting the offense are charged, and not left, as in this case, to inference. To secure a conviction, the acts of the defendant must be proved on the trial. These acts, which are relied upon as being in violation of law, and which are to be proved, must first appear by direct averment, and are not to be inferred from other facts alleged. Judgment is

AFFIRMED.