[No. 10,669.—Department Two.]

## THE PEOPLE v. JOHN E. WILLIAMS.

SUFFICIENCY OF INFORMATION—CRIME AGAINST NATURE.—The information charged that the defendant, at a time and place specified, did willfully and unlawfully and feloniously make an assault upon H. G., with intent to commit in and upon the person of the said H. G. the infamous crime against nature, contrary to the form, etc. *Held:* The information was good.

ID.—ID.—DEFINITION—INSTRUCTIONS.—The Court charged the jury that the crime charged was in effect synonymous with buggery or sodomy. *Held:* There was no error in the instruction.

APPEAL from a judgment of conviction, and from an order denying a motion for a new trial, and from an order denying a motion in arrest of judgment in the Superior Court of the City and County of San Francisco. FERRAL, J.

The information in this case was as follows:

"(Title of Cause.)  In the Superior Court of the City and County of San Francisco, State of California, the twelfth day of April, A. D. eighteen hundred and eighty-one, John E. Williams is accused by the District Attorney by this information of the crime of felony, committed as follows: The said John E. Williams on the seventeenth day of March, A. D. eighteen hundred and eighty-one, at the said City and County of San Francisco, did willfully and unlawfully and feloniously make an assault upon Harry George, with intent to commit in and upon

the person of the said Harry George the infamous crime against nature, contrary to the form, force, and effect of the statute in such case made and provided, and against the peace and dignity of the people of the State of California.

"D. L. SMOOT, District Attorney of the said City and County of San Francisco.

"Witness: HARRY GEORGE."

*H. D. Gough,* for Appellant.

The information is insufficient, in failing to state an indictable public offense; or any offense in legally sufficient terms. (*State* v. *Hewett,* 31 Me. 398; 2 Hale's P. C. 169; 1 Bish. Crim. Proc., § 498; *People* v. *Saviers,* 14 Cal. 30; 1 Chit. Crim. L. 169; *State* v. *Henderson,* 1 Rich. (S. C.) 179; *State* v. *Seay,* 3 Stew. (Ala.) 131; S. C., Am. Dec. 66.) Where a common law definition must be imported into a statute to give it effect, the indictment must allege the ingredients that complete the offense. (*Reg.* v. *Powner,* 12 Cox Crim. Cas. 235; *United States* v. *Crosby,* 1 Hughes' C. C. 454; 2 Bish. Crim. Proc. 965–970.)

The Court erred in charging that the "crime against nature" is synonymous with sodomy. (1 Russ. on Crimes, 9th ed., 936; 1 East's Cr. L. 480; 1 Hawk. Pl. C. 357; 9 Bac. Abr., tit. Sodomy; *Fennell* v. *State,* 32 Tex. 378.)

*A. L. Hart,* Attorney General, for Respondent.

The crime was correctly defined by the Court below. (1 Bishop's Crim. L., § 503; Penal Code, §§ 220, 286.)

THORNTON, J.:

We have examined the information in this case, and consider it good. The acts constituting the offense are stated in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. (Penal Code, § 950.) Every person of ordinary intelligence understands what the crime against nature with a human being is.

We find no error in the instruction to which our attention is called, and the judgment and order are affirmed.

SHARPSTEIN, J., and MORRISON, C. J., concurred.