## [No. 1723.]

### Mack Cross *v.* The State.

1. Sodomy — Interpretation of the Code.— Since the adoption of the Revised Statutes, it is no longer necessary that an offense be expressly defined. Sodomy is, under article 342 of the Penal Code, an offense which can be punished under our law.
2. Same — Indictment.— See the opinion for an indictment *held* sufficient to charge the offense of sodomy.
3. Same.— Indictment for sodomy charged that the offense was committed with a "mare, same being a beast." *Held*, sufficient to allege the genus of the beast, a "mare" being defined as the female of the horse or equine genus of quadrupeds.
4. Same — Evidence — Fact Case.— Carnal knowledge is as essentially an element of the offense of sodomy as it is of the offense of rape proper, and the rules of evidence which apply to rape cases should be observed in prosecutions for sodomy. Penetration, as in rape, must be proved, though to no particular depth. The jury, however, are authorized to infer penetration from circumstances, without direct proof. See the statement of the case for evidence *held* sufficient to support a conviction for sodomy.

Appeal from the District Court of Milam. Tried below before the Hon. W. E. Collard.

The conviction in this case was for the offense of sodomy, committed with a mare, in Milam county, Texas, on the 10th day of May, 1884.

W. J. Fields, a State's witness, was the only person who testified

on the trial. He testified, in substance, that at noon, on the day alleged in the indictment, he observed the defendant in his, witness's, stable, behind an old mare and upon her, a part of his body being bent over the rear part of the mare's body. He was making motions to and fro, against the mare. Witness did not see that the defendant succeeded in penetrating the mare with his private organ, but when he intruded upon the defendant, making a noise to arrest his attention before stepping into the stable, he found the defendant off the mare, standing on a puncheon about twenty inches high, which stood immediately under the mare's rear. The mare was backed up to him, and he stood with his penis erect and in his hand, and his pants unbuttoned. The mare's private part showed no sign of the sexual act. She was, however, an old animal and stood open, and, in any event, would hardly show such sign. Witness asked the defendant if he was not ashamed of himself, and he replied that he was. He looked frightened and mortified.

The motion for new trial raised the questions discussed.

No brief for the appellant.

.J. H. Burts, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. In Ex parte Bergen, 14 Texas Ct. App., 52, it was held that under our Revised Penal Code it is no longer necessary that an offense be expressly defined, and that sodomy is now, by article 342 of the Penal Code, an offense which can be punished under our law.

A motion in arrest of judgment attacked the sufficiency of the indictment, which states the offense to be that defendant (omitting formal parts) "did then and there unlawfully and wilfully commit with a mare, same being a beast, the abominable and detestable crime against nature by then and there having carnal connection with said beast, and did then and there commit the crime of sodomy with said beast," etc. We are of opinion that these allegations sufficiently charge the offense. In The State v. Campbell, 29 Texas, 44, the indictment simply pursued the language of the statute. It did not charge, as in this case, "carnal knowledge" or connection, nor did it mention even the name of the offense. It was rightly held fatally defective, though it seems that in California upon an information charging in the statutory language almost identical with the words used in article 342 it was held that the information was good. (People v. Williams, 59 Cal., 397. See, also, State v. Williams, 34 La. An., 87.) In Davis v. The State, 3 Harris &

Johns. (Ind.), 154, it was said "the crime of sodomy is too well known to be misunderstood, and too disgusting to be defined further than by merely naming it.    I think it unnecessary, therefore, to lay the *carnaliter cognovit* in the indictment."

Another objection to the indictment was that it did not allege the genus of the mare or that said mare was a female of her species. Mr. Bishop says as to the name of the animal, "as where the offense is with a man his name must be given; so where it is with an animal the sort of animal must at least so far be set out that the act will appear to be of the indictable kind.    It has been ruled in England sufficient to say "an animal called a bitch." (2 Bish. Crim. Proc. (3d ed.), § 1015.)   "A mare is the female of the horse or equine genus of quadrupeds."   (Webst. Dict.)

But it is said the proof "of carnal knowledge" is insufficient to support this conviction.   "The carnal knowledge required in this offense is the same as in rape proper," and Mr. Russell says the rules "with regard to the evidence and manner of proof in cases of rape ought specially to be observed upon a trial for this still more heinous offense.   When strictly and impartially proved, the offense well merits strict and impartial punishment; but it is from its nature so easily charged and the negative so difficult to be proved that the accusation ought to clearly be made out.   The evidence should be plain and satisfactory in proportion as the crime is detestable."   (1 Russ. on Crimes (9th ed.), 937.)   "Penetration," as in rape, must be proven.   "There must be *res in re*, but to no particular depth." . . . But "the jury may infer the penetration from circumstances, without direct proof."   (Bish. on Statutory Crimes (2d ed.), § 488; *Brauer* v. *The State*, 25 Wis., 413; *Comm.* v. *Snow*, 111 Mass., 411.)

The charge of the court in this case fully and plainly submitted the law of the case to the jury.   But one witness testified in the case, and he could not swear to the penetration, but he testified to a state of facts from which the jury were warranted in assuming that fact.   It was their province and duty to judge of the credibility and weight of the evidence.   They have done so, and we cannot say the verdict is wrong.   Having found no reversible error in the trial and conviction, the judgment is affirmed.

*Affirmed.*

[Opinion delivered January 31, 1885.]