[Crim. No. 41.   Second Appellate District.—November 9, 1906.]

## THE PEOPLE, Respondent, v. JOHN ERWIN, Appellant.

CRIMINAL LAW—INFAMOUS CRIME AGAINST NATURE—ATTEMPT—SUFFICIENCY OF INFORMATION.—An information charging an attempt to commit the infamous crime against nature with and upon a male human being named in the information, by then and there attempting to have carnal knowledge of the body of the person so named, sufficiently describes the infamous crime against nature substantially in the language of section 286 of the Penal Code, and sufficiently states the offense charged.

ID.—CRIME NOT DEFINED—COMMON UNDERSTANDING.—While section 286 of the Penal Code does not define ''the infamous crime against nature committed with mankind,'' every person of ordinary intelligence understands what that crime is.

ID.—ATTEMPT TO COMMIT CRIME.—The attempt to commit a crime is a crime under section 664 of the Penal Code.

ID.—SUFFICIENCY OF EVIDENCE.—*Held,* that the record discloses sufficient evidence from which the jury were warranted in their verdict of guilty.

ID.—SETTING CASE FOR TRIAL—ABSENCE OF DEFENDANT—PRESENCE OF ATTORNEY—FAILURE TO OBJECT.—It was not error to set the case for trial in the personal absence of the defendant, where his attorney was present; and ample time was given to the defendant in which to prepare for trial, and no objection was interposed at the trial to the time or manner of the setting of the cause.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.   B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Wills & Reymert, for Appellant.

The evidence shows a distinct crime, under section 228 of the Penal Code, not included in the information and under the instructions applicable thereto the jury should have acquitted defendant.   It was error for the court to set the case for trial in the absence of defendant.   (1 Bishop's Criminal Procedure, secs. 269-271; *Hopt* v. *Utah,* 110 U. S. 574, 4 Sup.

Ct. 202; *Hall* v. *State,* 40 Ala. 698; *Henry* v. *State,* 33 Ala. 389; *People* v. *Rader,* 136 Cal. 253, 68 Pac. 707.)

U. S. Webb, Attorney General, and E. E. Selph, Deputy Attorney General, for Respondent.

The evidence having been submitted to the jury under proper instructions favorable to the theory of the defense, and there being evidence tending to sustain the verdict, it is conclusive in this court. (*People* v. *Maroney,* 109 Cal. 279, 41 Pac. 1097; *People* v. *Fitzgerald,* 138 Cal. 41, 70 Pac. 39; *People* v. *Buckley,* 143 Cal. 379, 77 Pac. 169.) There is nothing in the record to show any prejudice to the defendant, or any objection to the order setting the cause when the case was called for trial. (*People* v. *Rader,* 136 Cal. 253, 68 Pac. 707; *State* v. *Abrams,* 11 Or. 169, 8 Pac. 327; *State* v. *Clark,* 32 La. Ann. 558; *State* v. *Outs,* 30 La. Ann. 1155; *Jewell* v. *Commonwealth,* 22 Pa. St. 94.)

ALLEN, J.—The defendant was convicted of a felony designated in the information as an attempt to commit the infamous crime against nature with and upon a male human being named in the information by then and there attempting to have carnal knowledge of the body of the person so named. He appeals from the judgment and order denying his motion for a new trial.

Section 286 of the Penal Code provides: "Every person who is guilty of the infamous crime against nature, committed with mankind, . . . is punishable by imprisonment in the state prison not less than five years." Section 664 of the Penal Code provides: "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows: 1. If the offense so attempted is punishable by imprisonment in the state prison for five years, or more . . . the person guilty of such attempt is punishable by imprisonment in the state prison . . . for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction of the offense so attempted." The crime charged is substantially alleged in the words of the statute. While section 286, Penal Code, does not define the crime, every per-

son of ordinary intelligence understands what the crime against nature with a human being is. (*People* v. *Williams,* 59 Cal. 397.) The attempt to commit is a crime under section 664. (*People* v. *Burns,* 138 Cal. 160, [69 Pac. 16, 70 Pac. 1087.]) The information is sufficient, and the record discloses evidence from which the jury were warranted in their verdict of guilty.

We perceive no prejudicial error in the action of the court, on the third day of March, 1906, setting the case for trial on the 12th of April following, although such action was taken in the absence of the defendant, yet in the presence of his counsel. There was ample time for defendant to prepare for trial, and when the case was called for trial, if he had any objections to the time or manner of the setting of the cause, the same should have been offered. No objections were interposed.

There was no error in the admission of the evidence complained of.

The judgment and order should be affirmed; and it is so ordered.

Gray, P. J., and Smith, J., concurred.