[Crim. No. 2083. First Appellate District, Division Two.—January 19, 1940.]

THE PEOPLE, Respondent, v. PETER BOLJAT, Appellant.

Lyle E. Cook and Edward E. Craig for Appellant.

Earl Warren, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant was charged with a violation of section 286 of the Penal Code in having committed the infamous crime against nature "by then and there having carnal knowledge with the body of an animal, to wit: a goat." He was tried with a jury, and from the judgment of guilty on the verdict and from the order denying a new trial he brings this appeal.

The facts need not be stated in full. The arresting officer, who witnessed the entire transaction, testified fully as to the commission of the offense as well as to the defendant's resistance of arrest, his assault upon the officer, his flight from the scene of the crime, and subsequent arrest. The defendant made qualified denials of the essential facts in the state's case, but, with the incriminating admissions found in his testimony, he presents an extremely weak case on the evidence. There can be no doubt that the evidence is legally sufficient to sustain the verdict, and we do not understand that the defendant attacks the verdict on that ground. ■ His charge that the testimony of the state's chief witness was a "multiplication of contradictions, evasions and discrepancies" goes to the credibility of the witness, a matter which was for the jury to decide. There is nothing in the testimony of the witness which would justify this court in holding that it was inherently improbable, false, or incredible.

■ The appellant argues that he has been deprived of his liberties because the statute does not define the infamous crime against nature with sufficient clearness to have enabled him to know the nature of the offense. Since the days of Blackstone the ancient crime called sodomy has been referred to as the "infamous crime against nature committed with either man or beast." In *People* v. *Williams,* 59 Cal. 397, decided in 1881, our Supreme Court said that every person of ordinary intelligence knew what this crime was. There is here no case of uncertainty in the description of the offense as would support a claim that any of appellant's constitutional rights were invaded. The objection that a penal statute is void because it fails to define the offense with sufficient clearness, presupposes that, because of the lack of definition, a party might commit the offense not knowing that his act was one included in the statute. Here the appellant rested his defense on a denial of the commission of the act;

it was not based upon an admission that the act was com-
mitted and a plea, that, because of the insufficiency of the
statute, the appellant had no knowledge that the act com-
mitted was criminal. And he makes no claim that the in-
dictment did not clearly define the offense with which he was
charged. Hence, all legal and constitutional questions fall
before the inhibitions of section 4½ of article VI of the Con-
stitution which requires a showing that the error complained
of was prejudicial in order to support a reversal.

■ The appellant complains that some of his constitutional
privileges have been denied him in that certain marks which
had been made upon a blackboard in illustration of testimony
at the preliminary hearing had not been preserved and of-
fered in evidence at his trial. There is no showing that
appellant requested that the blackboard be received in evi-
dence, or that, the writing being lost, a copy be substituted
as permitted by sections 1855 and 1937 of the Code of Civil
Procedure.

■ The appellant contends that he was not given a fair
trial because of the following circumstances: The cause was
submitted to the jury at 10:15 A. M. of May 29, 1939, at
the close of a trial which commenced on May 18th. At
11:15 A. M. of the 29th the jury returned to the courtroom
and asked that certain testimony be read. At 12 o'clock noon
a recess was taken. At 1:30 additional testimony was read,
and the jury again retired at 4:30 P. M. after both parties
stipulated that they could take to the jury-room a transcript
of the testimony given at the preliminary examination. Dur-
ing the colloquy in the courtroom prior to this retirement
certain instructions were read at the request of individual
jurors. The trial judge frequently admonished the jurors
that, though the case had taken a long time to try, any
juror might ask for the rereading of instructions or testi-
mony, that the appellant's interests should not be jeopardized
by any desire of the court or of any of the jury to get to
his home. These proceedings were all had with the consent
in open court of appellant's counsel. Specific objection is
made now to the matters occurring when the jury returned
to the courtroom at 10:20 P. M. and announced that they
had not reached a verdict. We quote from the transcript
(p. 588) : "Well, it is the judgment of the Court that further
time should be given the jury and the Court is going to

order the jury locked up for the night. . . . Mr. Healey and Mr. Robenson, any objection to the order? Mr. Robenson: Not on the defendant's part, Your Honor. Mr. Healey: No, Your Honor. The Court: It has taken a long time to try this case, and it has cost a lot of money. Very well, it is ordered and directed Mr. Bailiff that you lock this jury up for the night and this Court—the Judge will be available tomorrow morning at nine o'clock or thereafter.'' (P. 597.) ''The Court: All right, see you tomorrow morning. Juror: Suppose we reach a verdict—The Court: Do you want to come back in here in half an hour? Juror: We might try it. The Court: We'll give you half an hour. (Whereupon the jurors retire and at 11:30 return into Court.)'' The verdict of guilty was thereupon entered, and again no objection was made by appellant to any of these proceedings. In the final analysis the point raised by appellant is that if the court reminded the jury that the following day would be a holiday it might prevent a full and fair consideration of the case. But the record here shows many hours spent in deliberation and in the rereading of testimony and instructions while the jury was apparently divided eleven to one. We find that the record does not purport to show that appellant was denied a fair trial or that he was in anywise prejudiced through these proceedings.

Respondent concedes the error in the instruction which advised the jury that it might find appellant guilty of an assault with the intent to commit the infamous crime against nature since there could not be a simple assault upon an animal. The instruction, however, gave appellant an advantage to which he was not entitled, and he cannot, therefore, claim prejudice.

The appellant lists eleven charges of misconduct on the part of the trial judge with the bald statement that each constituted prejudicial error. He does not show that any one of the instances was excepted to or assigned as misconduct. He has not made any argument on any of the charges and has not shown any reason why any one of the instances should be held to be error. Upon such presentation no answer is required.

The appellant lists a number of charges of misconduct on the part of the district attorney. All are trivial and in each

instance where a request for an instruction was made by the appellant such instruction was given.

Other points raised by appellant do not require consideration.

The judgment and the order denying a new trial are affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 16, 1940, and the following opinion then rendered thereon:

THE COURT.—In denying a hearing in this case we do not construe the opinion of the District Court of Appeal as holding that section 4½ of article VI of the Constitution of California, has the effect of curing an uncertainty or defect in a statute or that said constitutional provision has any bearing upon the construction or interpretation of statutes.

The petition for a hearing in this court is denied.