[Crim. No. 2435. Third Dist. May 8, 1953.]

THE PEOPLE, Respondent, v. WILLIE SMITH, Appellant.

Orrin K. Airola for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Defendant-appellant was accused of the crime of violating section 286 of the Penal Code in that he did commit the infamous crime against nature, with an animal. He was tried to the court sitting without a jury and was found guilty. From the judgment and from the order denying his motion for new trial he appeals.

Appellant did not take the stand at his trial and the lone witness for the prosecution, while testifying to copulation, stated that he could not say whether the penetration was vaginal or anal. Appellant contends that in this state of the evidence he is entitled to reversal because the offense is only committed, even though an animal be involved, if the penetration be anal. He argues it has been held in this state that the infamous crime against nature is synonymous with that of sodomy and that sodomy between persons is confined to copulation per anum; that this construction of the statute is the same whether the charge be that the crime was committed between persons or by man with beast; that to construe the code section to mean, with beasts, all forms of copulation, but to limit the crime to anal copulation between persons would render the section unconstitutional as being in violation of the due process clauses of the Fifth and the Fourteenth Amendments. We think these contentions cannot be sustained. █ In *People v. Battilana,* 52 Cal.App.2d 685 [126 P.2d 923], *People* v. *Williams,* 59 Cal. 397, and in *People* v. *Carroll,* 1 Cal.App. 2 [81 P. 860], and in other cases the appellate courts of this state have held that, though the code does not specifically define the offense of infamous crime against nature, yet it is commonly known to be that of sodomy. █ But sodomy has always included copulation between man and beast. Ballentine's Law Dictionary defines sodomy as being "A common-law crime . . . consisting of unnatural sexual relations as between persons of the same sex, or with beasts, or between persons of different sex, but in an unnatural manner." Bouvier (Rawle's 3d rev.) volume 2, page 3038, defines sodomy as: "A carnal copulation by human beings with each other against nature, or with a beast." █ However, when the act is between man and beast any form of copulation is included. This distinction is pointed out in many authorities. Russell on Crimes, page 937, defines sodomy as being a "carnal knowledge committed against the order of nature by man with man, or in the same unnatural manner with woman, or by man or woman *in any manner* with beast." The same definition in effect appears in Archbold,

Criminal Practice and Pleading, 8th edition, volume 1, page 1015; in 25 American and English Encyclopedia of Law, 2d edition, page 1144; and in Clark and Marshall's Law of Crimes, section 461. (See, also, *State* v. *Tarrant*, 83 Ohio App. 199 [80 N.E.2d 509]; *Hudspeth* v. *State*, 194 Ark. 576 [108 S.W.2d 1085].) There are authorities to the contrary which sustain appellant's position, but we think the better reasoning is in accordance with the authorities we have cited, and therefore hold that when the offense is committed between man and animal it is complete whether the penetration be vaginal or anal.

Appellant contends that the foregoing construction of section 286 would, if adopted, result in the section being unconstitutional for indefiniteness and he relies upon the rule stated in *Lanzetta* v. *State of New Jersey*, 306 U.S. 451, 453 [59 S.Ct. 618, 83 L.Ed. 888], as follows: "No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes." It is stated in *People* v. *Boljat*, 36 Cal.App.2d 644, 646 [98 P.2d 513] : "The objection that a penal statute is void because it fails to define the offense with sufficient clearness, presupposes that, because of the lack of definition, a party might commit the offense not knowing that his act was one included in the statute." The authorities cited above establish that the crime declared by section 286 of the Penal Code was a felony at common law. Our statute did not relate to anything newly made a crime. On the contrary, it used language taken from the common law. It cannot be attacked as being indefinite, for it carries the common law meaning. True, the statute does not describe the various acts which constitute the crime, yet the statutory language, being taken from the common law, must be interpreted in the light thereof and when the act is charged as having been committed between man and beast that law has never limited the prohibited acts to anal copulation. (See Burdick, The Law of Crimes, vol. 3, § 876.)

The judgment and the order appealed from are affirmed.

Peek, J., and Schottky, J., concurred.