**GOVERNMENT OF GUAM v. PENNINGTON.**

Cr. No. 20–53.

District Court of Guam.

Sept. 18, 1953.

Robert D. Scott, Deputy Island Atty., Agana, Guam, for the Government of Guam.

Finton J. Phelan, Agana, Guam, for defendant.

SHRIVER, District Judge.

The Deputy Island Attorney of Guam charged the defendant by information with two offenses of the infamous crime against nature under one charge, and the offense of sex perversion in the second charge. The second charge was not proven. Except for a feeble attempt to show alibi the defendant did not take the stand or otherwise establish a defense. The Government's evidence established that on two occasions the defendant invited and permitted members of the armed services of the United States to use him as the passive partner in the act of sodomy. The members of the armed services were 20 and 21 years of age, respectively, while the defendant is a man of much greater maturity. The members of the armed services were not charged with any offense by the Government of Guam as they are subject to military justice but they readily testified to the commission of the acts charged and their testimony was cor-

roborated by a third member of the armed services. The first question presented is as to whether the defendant, as the passive partner in the act of sodomy, is guilty of the infamous crime against nature.

■ Sec. 286 of the Penal Code of Guam [1] was taken from the same section of the Penal Code of California. As such it may be construed in the light of California decisions.[2] The California courts have held that the offense known as the infamous crime against nature is a crime in California, notwithstanding the fact that Sec. 286 simply fixes a punishment for the offense.[3] In the case of People v. Featherstone, 67 Cal.App.2d 793, 155 P.2d 685, 687, the court stated:

"Undoubtedly, where the persons participating in an offense of this character do so without compulsion, each is an accomplice of the other, and is liable to prosecution as such. Pen.

Code, 31. In such case there is a common intent to unite in the attempt to commit the offense." (Citing cases.)

This statement accords with the general principle that the definition of an accomplice, as made by the substantive law, usually suffices and is followed.[4] The substantive law is Sec. 31 of the Penal Code of Guam.[5] Under this section the defendant is a principal and as such may be prosecuted.

The defendant next contends that the District Court of Guam is without jurisdiction to try him in the absence of indictment and trial by jury. In United States v. Seagraves, 100 F.Supp. 424, this court had before it the question as to whether the District Court of Guam created by the Organic Act of Guam, 48 U.S.C.A. § 1421 et seq., in the exercise of the jurisdiction of a district court of the United States,[6] could try a defendant accused of a felony by the

1. "286. *Penalty for crime against nature.*—Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment not less than 1 nor more than 10 years."

2. United States v. Johnson, 9 Cir., 181 F. 2d 577.

3. People v. Erwin, 4 Cal.App. 394, 88 P. 371; People v. Mills, 58 Cal.App.2d 608, 137 P.2d 698.

4. Wigmore on evidence, 3d Ed., Sec. 2060.

5. Sec. 31. *Who are principals.*—All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, not being present, have advised and encouraged its commission, and all persons counseling, advising, or encouraging children under the age of 14 years, lunatics, or idiots, to commit any crime, or who, by fraud, contrivance, or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, or who, by threats, menaces, command, or coercion, compel another to commit any crime, are principals in any crime so committed."

6. "The Judiciary. § 1424. *District Court of Guam; jurisdiction; rules of procedure*

"(a) There is created a court of record to be designated the "District Court of Guam", and the judicial authority of

Guam shall be vested in the District Court of Guam and in such court or courts as may have been or may hereafter be established by the laws of Guam. The District Court of Guam shall have, in all causes arising under the laws of the United States, the jurisdiction of a district court of the United States as such court is defined in section 451 of Title 28, and shall have original jurisdiction in all other causes in Guam, jurisdiction over which has not been transferred by the legislature to other court or courts established by it, and shall have such appellate jurisdiction as the legislature may determine. The jurisdiction of and the procedure in the courts of Guam other than the District Court of Guam shall be prescribed by the laws of Guam.

"(b) The rules heretofore or hereafter promulgated and made effective by the Supreme Court of the United States pursuant to section 2072 of Title 28, in civil cases; section 2073 of Title 28, in admiralty cases; sections 3771 and 3772 of Title 18, in criminal cases; and section 53 of Title 11, in bankruptcy cases; shall apply to the District Court of Guam and to appeals therefrom. Aug. 1, 1950, c. 512, § 22, 64 Stat. 389."

"§ 1424a. *Appeals; jurisdiction of Court of Appeals for Ninth Circuit; appeals to Supreme Court*

"(a) The United States Court of Appeals for the Ninth Circuit shall have jurisdiction of appeals from all final de-

United States, without indictment and trial by jury, unless waived. That opinion held that there is no constitutional right to indictment and trial by jury in unincorporated territories; that the United States Congress did not include the right to trial by jury in the Bill of Rights for Guam for the reason that Guamanians derive their tradition in law from Spain, a civil law nation, they have little knowledge or experience in trial by jury; that the District Court of Guam is required to follow the Federal Rules of Criminal Procedure, 18 U.S.C.A., but that Rules 7(a) and 23(a) of such rules were intended to give effect to the procedural requirements of the United States Constitution, which procedural requirements are not applicable to unincorporated territories unless the United States Congress makes them applicable; and that the United States Congress did not make 28 U.S.C.A. Ch. 121 applicable to the District Court of Guam; that the United States Congress did not intend that the procedural rights to indictment and trial by jury should apply to the District Court of Guam at the present time.

■ This is a prosecution by the Government of Guam. The Guam legislature has made no provision for indictment and trial by jury as it has a right to do when it is of the view that the Guamanian people are ready for a jury system. It necessarily follows that the defendant is not entitled to indictment and trial by jury.

■ The defendant finally contends that this court is without jurisdiction to try a defendant on the basis of an information filed by the Island Attorney of Guam, through his deputy, but that only the United States Attorney has the authority to file informations in this court. This question is raised for the first time and requires a complete analysis of the exercise of jurisdiction by this court over local felonies prosecuted in this court by the Government of Guam. The judiciary provisions contained in the Organic Act of Guam, as originally approved, are set forth in note 6, supra.

cisions of the District Court of Guam in all cases involving the Constitution, laws, or treaties of the United States or any authority exercised thereunder, in all habeas corpus proceedings, and in all other civil cases where the value in controversy exceeds $5,000, exclusive of interest and costs.

"(b) Any party may appeal to the Supreme Court of the United States from an interlocutory or final judgment, or order of the District Court of Guam, holding an Act of Congress unconstitutional in any civil action, suit, or proceeding to which the United States or any of its agencies or any officer or employee thereof, as such officer or employee, is a party. A party who has received notice of appeal under this section shall take any subsequent appeal or cross appeal to the Supreme Court. All appeals or cross appeals taken to other courts prior to such notice shall be treated as taken directly to the Supreme Court. Aug 1, 1950, c. 512, § 23, 64 Stat. 390 [Repealed and incorporated in judicial Code of United States, 28 U.S.C.A. §§ 41, 1252, 1291, 1292, 1294, by Act Oct. 31, 1951, c. 655, 65 Stat. 723]."

"§ 1424b. *Judge of District Court; appointment, tenure and compensation; appointment of United States attorney and marshal; applicability of laws*

"(a) The President shall, by and with the advice and consent of the Senate, appoint a judge for the District Court of Guam who shall hold office for the term of four years and until his successor is chosen and qualified unless sooner removed by the President for cause. The judge shall receive a salary payable by the United States which shall be the same as the salary of the Governor of Guam as provided by section 1421a(a) of this title, and shall be entitled to the benefits of retirement provided in section 373 of Title 28. The Chief Justice of the United States may, with the consent of the judge so assigned, assign any United States circuit or district judge to serve as a judge in the District Court of Guam whenever it is made to appear that such an assignment is necessary for the proper dispatch of the business of the court.

"(b) The President shall appoint, by and with the advice and consent of the Senate, a United States attorney and United States marshal for Guam to whose offices the provisions of chapters 31 and 33 of Title 28, respectively, shall apply.

"(c) The provisions of chapters 21, 41, 43, 49, and 57 of Title 28 shall apply to the District Court of Guam. Aug. 1, 1950, c. 512, § 24, 64 Stat. 390."

Prior to the passage of the Organic Act of Guam original jurisdiction in all felony cases was vested in the Island Court of Guam.[7] Sec. 22 of the Organic Act establishing the jurisdiction of the District Court of Guam could be understood as meaning that such court had original jurisdiction over local felonies and all other causes in Guam until the legislature created by the Organic Act of Guam transferred jurisdiction to other court or courts established by it. Such construction was placed on Sec. 22 in Crain v. Government of Guam, 9 Cir., 195 F.2d 414, 416. The question involved in the Crain case was as to whether the Government of Guam was immune from suit without its consent, but in analyzing the powers of the Government of Guam, the court said:

"Conceivably then, the district court expressly established could have a complete original jurisdiction in all causes cognizable in a court of law, to the same extent as in courts of the states of the United States."

The Crain case held that the Government of Guam has such sovereignty as to be immune from suit without its consent.[8]

In an effort to establish a judicial system for Guam in the best modern tradition, the Government of Guam invited and the Honorable Albert B. Maris, a judge of the United States Court of Appeals for the Third Circuit, made himself available in Guam to advise on such a system. As a result of Judge Maris' studies and preparation of the recommended legislation, the Guam Legislature enacted, with minor changes, Public Law 17, First Guam Legislature, approved Aug. 9, 1951. This Act revised and amended Part I of the Code of Civil Procedure for Guam. The Act provided for the organization and jurisdiction of the courts, appointment and tenure of local judges, created a Judicial Council and a Department of Law. The Act further provided for admission to practice of attorneys at law and in general provided for a comprehensive system for the administration of justice in Guam.

Part I, Title I, Ch. II of the Code of Civil Procedure for Guam provides:[9]

---

7. "Former Sec. 76. Code of Civil Procedure of Guam *Original jurisdiction of Island Court.*—The Island Court shall have original jurisdiction:
"2. In all criminal cases amounting to felony, and cases of misdemeanor not otherwise provided for. Said court shall have power to issue writs of mandamus, certiorari, prohibition, and habeas corpus on petition by or on junctions and writs of prohibition may be issued and served on legal holidays and non-judicial days."

8. It is true that Guam is subordinate to the United States and that not all rights of Guamanians flow from their local legislation since the Organic Act, a product of Congress, is the source of much of their private rights by imposing limitations on local government. But a similar situation was no bar to the application of sovereign immunity in the Kawananakoa case, Kawananakoa v. Polyblank, 205 U.S. 349, 27 S.Ct. 526, 51 L.Ed. 834, where the court said it was enough to refer to sections 6 and 55 of the Hawaiian Organic Act, 48 U.S.C.A. §§ 496, 562, which in substance provided that all laws then in force should continue subject to modification by the Congress or the legislature of Hawaii and that the local legislative power should extend to all subjects of legislation not inconsistent with provisions of the Organic Act.

9. "Chapter II—District Court
"Section 61. *Composition.*—The District Court of Guam consists of the judge appointed for the court by the President and of any judge or judges assigned to the court by the Chief Justice of the United States pursuant to Section 24(a) of the Organic Act of Guam.
"Section 62. *Original jurisdiction.*—Under Section 22(a) of the Organic Act of Guam the District Court of Guam has the original jurisdiction of a district court of the United States in all causes arising under the laws of the United States and has original jurisdiction in all other causes in Guam except those over which original jurisdiction has been transferred to and vested in the Island Court by Section 82 of this title. If it appears that an action or proceeding brought in the District Court is actually within the jurisdiction of the Island Court the District Court shall transfer it to the Island Court for hearing and determination.
"Section 63. *Appellate jurisdiction.*—The District Court of Guam shall have jurisdiction of appeals from the judgments, order and decrees of the Island

Sec. 82 of the Code vested original jurisdiction in the Island Court exclusive of the District Court.

"In all criminal cases not amounting to felonies, arising under the laws of Guam and in all cases of felonies under the laws of Guam, which, if tried in the District Court, would not be fully appealable to the United States Court of Appeals for the Ninth Circuit by the defendant if convicted."

Court in criminal causes as provided in the Penal Code, Part II, Title VIII, and in civil causes and proceedings as provided in the Code of Civil Procedure, Part II, Title VIII, Chapter VI, Article II, and Title XII, Chapters I and II, and Part III, Title I, Chapter V, and Title II, Chapter IV, and Title VII, Chapter XII, and the Probate Code, Division III, Chapter XXI, Article IV, and Division IV, Chapter XVI.

"Section 64. *Powers on appeal.*— Upon appeal the District Court may affirm, modify, vacate, set aside or reverse the judgment, order or decree appealed from, and may remand the cause and direct the entry of such appropriate judgment, order or decree as may be just under the circumstances, but the District Court may not take new or additional evidence, consider the issues of fact de novo, or set aside findings of fact made by the Island Court unless they are clearly erroneous, and due regard shall be given to the opportunity of the trial judge or judges to judge of the credibility of the witnesses.

"Section 65. *Appellate division.*—Appeals from the Island Court shall be heard and determined by an appellate division of the District Court, consisting of three judges, of whom two shall constitute a quorum. The appellate division, when requested by the moving party, shall also hear and determine motions for rehearing or a new trial made after final decision of the District Court in all cases tried originally in that court in which such final decision is not appealable to the United States Court of Appeals for the Ninth Circuit. The judge appointed for the court by the President shall be the presiding judge of the appellate division and shall preside therein unless disqualified or otherwise unable to act. The other judges who are to sit in the appellate division at any session shall be designated by the presiding judge from among the judges assigned to the court from time to time by the Chief Justice of the United States

It will be noted that at the time this legislation was enacted, Sec. 23 of the Organic Act of Guam, supra, limited appeals in felony cases from the District Court to the United States Court of Appeals for the Ninth Circuit to " * * * all cases involving the Constitution, laws, or treaties of the United States or any authority exercised thereunder". Clearly the Guam legislature intended that a person convicted of a local felony should have the right to appeal to a

pursuant to Section 24(a) of the Organic Act of Guam. The concurrence of two judges of the appellate division shall be necessary to any decision by the District Court on the merits of an appeal but the presiding judge alone may make any appropriate orders with respect to an appeal prior to the hearing and determination thereof on the merits and may dismiss an appeal for want of jurisdiction, or failure to take or prosecute it in accordance with the applicable law or rules of procedure.

"Section 66. *Time for taking appeals.*—The time within which an appeal must be taken and the manner of taking an appeal may be prescribed by rules adopted by the Judicial Council. To the extent not so prescribed the time and manner of taking an appeal shall be governed by the Penal Code or the Code of Civil Procedure, as the case may be.

Section 67. *Appellate procedure.*— The procedure on appeal may be prescribed by rules adopted by the Judicial Council. To the extent not so prescribed it shall be governed by the Penal Code or the Code of Civil Procedure, as the case may be, and by the rules of the District Court.

"Section 68. *Rules and Writs.*—The District Court of Guam may from time to time prescribe rules, consistent with law and with the rules adopted by the Supreme Court and by the Judicial Council, for the conduct of its business and may issue writs of habeas corpus, certiorari or review, mandamus or mandate, prohibition and all other writs necessary or appropriate in aid of its original or appellate jurisdiction and agreeable to the usages and principles of law.

"Section 69. *Pending appeals.*—All records, books, papers, causes, appeals and proceedings lodged, deposited or pending in the former Court of Appeals are transferred to the District Court of Guam which shall have the same jurisdiction over them as if they had been in the first instance lodged, deposited, filed or commenced therein."

higher court, and in the absence of the right to appeal to the United States Court of Appeals for the Ninth Circuit, the appeal would lie from the Island Court to the Appellate Division of the District Court of Guam.

Under the approval date of 'Oct. 31, 1951, the United States Congress amended 28 U.S.C.A. § 1291 to provide that the court of appeals shall have jurisdiction of appeals from all final decisions of the District Court of Guam, 65 Stat. 726. From that date the District Court of Guam assumed jurisdiction over felonies prosecuted by the Government of Guam. The exercise of such jurisdiction is not only sanctioned by the Code of Civil Procedure for Guam but by necessary implication, by the United States Congress through the above amendment.

The Guam legislature did not confer jurisdiction on the District Court as such court had original jurisdiction, but, in reality, transferred part of such original jurisdiction to other courts established by it.

That the United States Congress recognized the distinction between prosecution by the United States and by the Government of Guam is shown by Sec. 6 of the Organic Act of Guam, 48 U.S.C.A. § 1422 (b), which provides in part that the Governor of Guam may grant pardons and remit fines and forfeitures for offenses against the local laws, and may grant respites for all offenses against the applicable laws of the United States until the decision of the President can be ascertained.

The prosecuting official for the Governor of Guam is the Island Attorney. His duties were defined in Sec. 266 of the Code of Civil Procedure in Public Law 17, now codified as Sec. 7101, Government Code of Guam.[10] In the instant case he, by a deputy, filed the information and prosecuted the offense. The United States Attorney is not charged in the Organic Act of Guam with authority to prosecute for offenses against the local laws. On the contrary his duty in connection with criminal prosecutions is set forth in 28 U.S.C.A. § 507(a)(1) to "Prosecute for all offenses against the United States". Certainly the defendant cannot contend that, except for indictment and trial by jury, the Federal Rules of Criminal Procedure furnish him with procedural rights he did not enjoy. After the filing of the information he was immediately brought before the court, with his counsel, warned of his rights, and released on bail to appear for arraignment. His trial followed.

The defendant is found guilty as charged of two counts of the infamous crime against nature and will be sentenced accordingly. The second charge of sex perversion is dismissed.

10. "Sec. 7101. *Duties.*—The Island Attorney is the public prosecutor and, by himself or a deputy, shall:

"(1) Conduct on behalf of the government of Guam the prosecution of all offenses against the laws of Guam which are prosecuted in the District Court or the Island Court and, when directed by the Attorney General, the prosecution of those offenses which are prosecuted in the Police Court;

"(2) Institute proceedings for the arrest of persons charged with or reasonably suspected of offenses under the laws of Guam, when he has information that any such offenses have been committed; and for that purpose, when not engaged in criminal proceedings in the courts or in civil cases on behalf of the government of Guam, shall attend the preliminary investigations before the Director of Public Safety or before any magistrate in cases of arrest, when requested by them;

"(3) Draw all informations, conduct on behalf of the government of Guam all civil actions in which the government is a party or interested, prosecute all recognizances forfeited in the courts and all actions for the recovery of debts, fines, penalties, and forfeitures accruing to the government of Guam;

"(4) Deliver receipts for money or property received by him in his official capacity and file duplicates thereof with the Director of Finance;

"(5) On the first Monday of each month file with the Director of Finance, an account, verified by his oath, of all moneys received by him in his official capacity for the government of Guam during the preceding month and at the same time pay them over to the Island Treasurer;

"(6) Be diligent in protecting the rights and properties of the government of Guam; and

"(7) Perform such other duties as are required by law or assigned to him by the Attorney General."