THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. HÉCTOR M. SANTIAGO VÁZQUEZ, Defendant and Appellant.

No. CR-66-327.      Decided December 14, 1967.

*Enrique Miranda Merced* and *E. Armstrong de Watlington* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

Appellant was convicted of the crime against nature, subsequent offense. Section 278 of the Penal Code, as amended by Act No. 42 of May 4, 1943 provides:

"Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the penitentiary for a minimum term of one (1) and a maximum term of ten (10) years."

Appellant maintains in his first assignment of error that he has been deprived of his liberty without due process of law because § 278, by virtue of which he was convicted, does not define an offense, but it provides a penalty for an offense not incorporated to the Penal Code.

Section 278 was adopted at the beginning of the century as the equivalent of § 286 of the California Penal Code of 1872.[1]

---

[1] Said § 286 provided and still provides:

"Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment. . . ."

Section 287 which followed it and still follows it in California prescribes:

"Any sexual penetration, however slight, is sufficient to complete the crime against nature."

In Puerto Rico we did not adopt the counterpart of § 287. Appellant

California in its doctrine has rejected the contention. *People* v. *Smith*, 256 P.2d 586 (1953); *People* v. *Williams*, 59 Cal. 397 (1881); *People* v. *Erwin*, 88 Pac. 371 (1906); *People* v. *Boljat*, 98 P.2d 513 (1940); 1025 (in bank); *People* v. *Green*, 223 Pac. 1004 (1924); *cf. Blake* v. *State*, 210 Md. Rep. 459 (1955).

Our Commonwealth Constitution provides that no person shall be deprived of his liberty without due process of law, and that in all criminal prosecutions the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation. . . . Article II, §§ 7, 11.

■ Due process of law is lacking in the imposition of criminal liability on the individual, under the constitutional guarantees which govern our system of prosecution which require that no one shall be found guilty except by virtue of acts previously established as offense by the Legislature, where the criminal statute is of such indefinite and vague nature that it does not inform the citizen adequately that his act was forbidden and punished; and in that in view of the lack of precision, the courts are the ones which actually declare the offense, and not the legislative power. *Cf. Lanzetta* v. *New Jersey*, 306 U.S. 451.

■ In *People* v. *Díaz*, 35 P.R.R. 212 (1926), a conviction was upheld on § 278 of the Penal Code under an information which followed the terms of said section and which charged only that Díaz had committed the infamous crime against nature with another person.

In *Díaz*, following the accepted rule as to this offense, which at the same time departs from the general one which requires that where the offense is defined in generic terms it is not sufficient to charge it following the statute, but that the particular acts carried out should be alleged for the

argues that for that reason the situation here is more indefinite and serious, whereas § 287 to a certain point helps to understand to what does the preceding § 286—our 278—refers.

584

protection of the defendant, pursuant to Ruling Case Law we accepted the rule that because of the vile, abhorrent, and degrading nature of this crime, it was not necessary to specify the facts charged nor to describe the particular manner or details of the act. *People* v. *Díaz, supra. Cf. People* v. *Gutiérrez,* 71 P.R.R. 787 (1950).

■ If in the light of the views now more exacting of the constitutional guarantees the decision of *Díaz* deserves a re-examination, we believe that it is not necessary to do it in this case. The reason is that the information in the record charges against appellant in a specific and detailed manner, the facts he carried out for which he was criminally liable, distinct from the information in *Díaz.* We do not believe that it is necessary to reproduce such facts herein. Moreover, the present Rules of Criminal Procedure provide the mechanism by virtue of which a defendant may require, if the information is vague, that the facts charged against him be specified in detail.

Appellant argues that the *Smith* case afore-cited was based in part, which is correct, on the fact that the offense against nature was known and punished under the English common law, before the enactment of § 286 of said Code, and a reason of intellectual capacity is invoked.

It is true that we do not carry tradition of the English common law.[2] It is also true that in the ordinary offender, who usually comes from the less privileged social stratum, a limited intellectual capacity may exist to understand the wording of § 278. But the lawmaker who penalized the act in that wording and the judge who is to find guilty of its commission or is to charge the jury on its commission, have read the Holy Scriptures, the Genesis, the Deuteronomy; they know about Sodom, the ancient city of Palestine and

---

[2] However, the society which existed here when § 278 was adopted, and prior thereto, since the colonization, knew as did the English people, the concept of this criminal act, and repudiated it likewise.

its devious sexual practices; they have read Saint Paul, Epistle to the Romans and Saint Thomas—*The Summa Theologica*—which deal with the matter. They have knowledge of the ancient legislation, the Roman, the Gothic, the *Fueros, Las Siete Partidas* by Alfonso the Learned—Law I, Seventh *Partida*—they have knowledge of history and the sciences and they are intellectually cultivated persons who know what sodomy is and its practices against nature, and the meaning of this concept in the penal statute.

■ The second and other error assigned, which concerns the sufficiency of the evidence, was not committed.

The facts are that the victim, who had been recently confined in the penitentiary and under certain admission treatment needed writing paper and appellant invited him to his ward to give it to him. It was dinner time and there was no one in the ward, except three inmates who at a certain distance kept watch so as to warn about the arrival of the guard. Appellant, with knife in hand and under threat, committed the act.

As it is natural in these cases, the victim testified with shyness and was reluctant to describe particulars and details. More so, in the presence of a lady who was defendant's counsel.

The evidence was sufficient.[3]

The judgment appealed from will be affirmed.

Mr. Justice Blanco Lugo and Mr. Justice Rigau concur in the result. Mr. Justice Belaval did not participate herein.

---

[3] The record shows, and it was admitted, that appellant was sentenced for this same offense on March 2, 1962, and on February 9, 1965.