EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HÉCTOR M. SANTIAGO VÁZQUEZ, acusado y apelante.

*Número:* CR-66-327    *Resuelto:* 14 de diciembre de 1967

*Enrique Miranda Merced* y *E. Armstrong de Watlington,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

594

El Juez Asociado Señor Santana Becerra emitió la opinión del Tribunal.

El apelante fue convicto de delito contra natura en grado subsiguiente. Dispone el Art. 278 del Código Penal, según fue enmendado por la Ley Núm. 42 de 4 de mayo de 1943:

"Toda persona culpable del infame crimen contra natura, cometido con un ser humano o con alguna bestia, incurrirá en pena de reclusión de presidio por un término mínimo de un (1) año y máximo de diez (10) años."

Sostiene el apelante en su primer señalamiento de error que ha sido privado de su libertad sin el debido procedimiento de ley porque el Art. 278, en virtud del cual se le condenó, no define un delito, sino que provee una penalidad para un delito no incorporado al Código Penal.

El Art. 278 se adoptó a principios de siglo como el equivalente del Art. 286 del Código Penal de California de 1872.(1)

California en su doctrina ha rechazado el planteamiento. *People* v. *Smith* (1953), 256 P.2d 586; *People* v. *Williams* (1881), 59 Cal. 397; *People* v. *Erwin* (1906), 88 Pac. 371; *People* v. *Boljat* (1940), 98 P.2d 513; 1025 (en pleno); *People* v. *Green* (1924), 223 Pac. 1004; cf. *Blake* v. *State* (1955), 210 Md. Rep. 459.

Nuestra Constitución del Estado Libre Asociado de Puerto Rico dispone que ninguna persona será privada de su libertad sin el debido proceso de ley, y que en todo proceso criminal

---

(1) Dicho Art. 286 disponía y aún dispone:
"Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment. . . ."
El Art. 287 que le seguía y aún le sigue en California estatuye:
"Any sexual penetration, however slight, is sufficient to complete the crime against nature."
En Puerto Rico no adoptamos el equivalente del 287. Arguye el apelante que por tal razón la situación aquí es más indefinida y grave, por cuanto el Art. 287 hasta cierto punto ayuda a entender a qué se refiere el 286 que le precede—278 nuestro.

el acusado disfrutará del derecho . . . a ser notificado de la naturaleza y causa de la acusación. . . . Art. II, Secs. 7, 11.

■ Falta el debido procedimiento de ley en la imposición de responsabilidad penal al individuo, bajo las garantías constitucionales que rigen nuestro sistema de procesamiento que exigen que nadie podrá ser culpado sino en virtud de actos previamente establecidos como delito por la Legislatura, allí donde el estatuto penal es de tal naturaleza indefinido e impreciso que no informa adecuadamente al ciudadano que su acto estaba prohibido y penado; y en que ante la falta de precisión, vienen a ser los tribunales quienes realmente declaran el delito, y no el Poder Legislativo. Cf. *Lanzetta* v. *New Jersey*, 306 U.S. 451.

■ En *Pueblo* v. *Díaz*, 35 D.P.R. 230 (1926), se sostuvo una convicción por el Art. 278 del Código Penal bajo una acusación que seguía las palabras de dicho artículo y que solo imputaba que Díaz había realizado el infame crimen contra natura con otra persona.

En *Díaz*, siguiendo la doctrina aceptada en cuanto a este delito, que a la vez se aparta de la general que requiere que cuando el delito está definido en términos genéricos no es suficiente alegarlo siguiendo el estatuto, sino que deben alegarse los actos específicos realizados en protección del procesado, siguiendo a Ruling Case Law aceptamos el criterio que dada la naturaleza vil, aborrecible y degradante de este delito, no era necesario precisar los hechos imputados ni describir la forma determinada o los detalles del acto. *Pueblo* v. *Díaz*, supra. Cf. *Pueblo* v. *Gutiérrez*, 71 D.P.R. 840 (1950).

■ Si a la luz de criterios ahora más exigentes de las garantías constitucionales la decisión de *Díaz* amerita o no un reexamen, creemos que no es necesario hacerlo en este caso. La razón es que la acusación en el récord imputa al apelante de manera específica y en forma detallada, los hechos que realizó por los cuales se le exigía responsabilidad

penal, distinto a la acusación en el caso de *Díaz*. No creemos que sea necesario reproducir tales hechos aquí ahora. Además, bajo las actuales Reglas de Procedimiento Criminal se provee el mecanismo en virtud del cual un acusado puede exigir, si la acusación es imprecisa, que se le particularice en detalle los actos que se le imputan por él cometidos.

El apelante arguye que el caso de *Smith* antes citado, se basó en parte, lo cual es correcto, en el hecho de que el delito contra natura era conocido y penado bajo la ley común inglesa, antes de escribirse el Art. 286 de aquel Código, y se invoca una razón de capacidad intelectual.

Es cierto que nosotros no traemos tradición de la ley común inglesa.(²) Es cierto también que en el delincuente corriente, que por lo regular viene del lecho social menos privilegiado, puede existir limitada capacidad intelectual para entender el lenguaje del Art. 278. Pero el legislador que penalizó el acto en ese lenguaje y el juez que ha de hallar culpable de su comisión o ha de instruir al jurado sobre su comisión, han leído las escrituras bíblicas, el Génesis, el Deuteronomio; saben de Sodoma, la antigua ciudad de Palestina y sus prácticas sexuales desviadas; han leído a San Pablo, Epístola a los Romanos y a Santo Tomás—Suma Teológica—que tratan del asunto. Conocen la legislación antigua, romana, la goda, los fueros, las Partidas de Alfonso el Sabio—Ley 1, Partida 7a.—conocen la historia y las ciencias y son personas intelectualmente cultivadas que saben qué es la sodomía y cuáles sus prácticas *contra naturam*, y qué significa este concepto en el estatuto penal.

■ El segundo y otro error señalado, que se dirige a la suficiencia de la prueba, no se cometió.

Los hechos son que el perjudicado, recién llegado al presidio y bajo cierto tratamiento de ingreso necesitó papel de

---

(²) Sin embargo, la sociedad que aquí existía al adoptarse el Art. 278, y anterior desde la colonización, conocía al igual que el pueblo inglés, el concepto de este acto delictivo, e igualmente lo repudiaba.

escribir y el apelante lo invitó a su galera para dárselo. Era la hora de la comida y la galera estaba sola, excepto tres confinados que a cierta distancia velaban para advertir la llegada de la guardia. El apelante, cuchilla en mano y bajo amenaza, realizó el acto.

Como es natural en estos casos, el perjudicado declaraba venciendo cierto pudor y se mostraba renuente a describir pormenores y detalles. Más, cuando tenía ante sí a una dama como abogada de defensa.

La prueba fue suficiente. (³)

*Se confirmará la sentencia apelada.*

Los Jueces Asociados Señores Blanco Lugo y Rigau concurren con el resultado. El Juez Asociado Señor Belaval no intervino.

---

(³) El récord demuestra, y fue aceptado, que el apelante fue sentenciado por este mismo delito el 2 de marzo de 1962; y el 9 de febrero de 1965.