[Crim. No. 476.   Fourth Dist.   May 18, 1943.]

THE PEOPLE, Respondent, v. STEWART ROGER MILLS, Appellant.

Joseph E. Daly for Appellant.

Robert W. Kenny, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged, in separate counts, with forcible rape, sodomy, sex perversion and robbery. A jury found him guilty on all four counts and he has appealed from the judgment and from an order denying his motion for a new trial.

It would serve no useful purpose to review the evidence in its entirety. The complaining witness, who was a taxicab driver, met the appellant at a cafe on a Sunday afternoon in response to his call for a taxicab. He hired the taxicab by the hour and stated that he wanted to finish a drink. She remained with him at the cafe for approximately three hours, from 12:15 p. m. to 3:15 p. m., during which time he consumed three drinks. They then started out in the taxicab on his statement that he wanted to be taken to a certain place where a "crap game" was in progress. She did not know the location of the place in question and he told her to drive on, that he would direct her. Following his directions she proceeded into the hills easterly from San Diego and finally on to a side road, where most of the incidents in question occurred. As they were returning to San. Diego she observed him going through her purse. When they arrived at a point well within the populated section of San Diego he directed her to stop near an alley. She jumped out of the taxicab, ran into the street and hailed a passing motorist asking him to take her to the police department. At the same time she observed the appellant running down the alley. She was taken immediately to police headquarters, arriving there about 6:30 p. m. She told her story to the officers and was examined by a police surgeon. The appellant was arrested about an hour later at his home. The officers found him asleep on the porch with an empty quart beer bottle beside him and a full glass of beer on the ground. The appellant was able to answer questions when he was taken to headquarters. He told the officers that he remembered being at this cafe but could remember nothing else. He stated that he was drunk and did not know what he had done. A little later, he told the officers that he did not want the woman to testify against him and that he wanted to plead guilty. The complainant's wallet was found

in the appellant's pocket containing a part of the paper money which she stated had been in it, and a pay check issued to the complainant, which had been in her purse, was found in the appellant's home.

It is first contended that the evidence is insufficient to support the judgment. It is not, and could not well be, argued that the testimony of the complaining witness, if believed, was not sufficient to support the judgment. It is argued, however, that her testimony is so utterly incredible that it may not be accepted as supporting the judgment. In support of this it is claimed that it was physically impossible for one thing, to which she testified, to have occurred. While this part of her testimony seems questionable we are not prepared to say that it involves a physical impossibility. In any event, it is material only as bearing upon the veracity of the complaining witness. Whether or not the jury believed that particular statement they were not required to disbelieve the rest of her testimony. It is further argued that it appears from the evidence that the complaining witness did not resist the appellant and that she voluntarily submitted to him. This is based upon portions of her testimony to the effect that at certain times while the affair was in progress she made no resistance. There was, however, evidence of very considerable force used by the appellant and of serious threats made by him in order to accomplish his purpose. The complaining witness testified that after her fears were aroused by certain actions of the appellant, while they were driving in the hills, she started to drive back to San Diego; that she did not turn off from the road at one intersection when the appellant directed her to do so and that he ordered her to turn off at the next intersection, saying "I have a gun on you"; that this was a dead-end street; that when she stopped to turn around the appellant jumped out of the back seat; that she then jumped out of the front seat and began to run; that the appellant grabbed her and pulled her back to the cab; that she then decided she had to make a fight for it and took off her glasses and started fighting and struggling; that the appellant then became angry and stated "Now you are in for it"; that he threatened to bash her brains out against the pavement if she made any noise and pulled her into the cab; that he threatened to kill her whenever she made a move to get out of the cab; that he struck her on the head with his hand and again with his fist; that he took hold of her ears and hair and moved her head back and forth; that he pinched

her nose many times, hurting her severely; that he threatened to kill her several times and four or five other times threatened to bash her brains out; and that he also made threats of a most serious nature of what he would do to her daughter.

The story told by the prosecuting witness finds considerable corroboration in the evidence of her condition when she arrived at the police headquarters shortly after she left the appellant. This appears not only from the testimony of the doctor who examined her but from the testimony of the officers that when she arrived there she was very nervous, almost hysterical, her clothes were disheveled and dirty, her face slightly bruised and her nose badly bruised and discolored with what looked like blood blisters upon it. She went immediately to the police when she escaped from the appellant and her story is confirmed by the bruises on her body, some of which we have not mentioned, and by the finding of her money and pay check in the possession of the appellant. The appellant further argues that it conclusively appears that he was so drunk that he did not know what occurred on this occasion. He so stated to the officers although he did not take the stand at the trial. The evidence, in its entirety, would fully warrant the jury in arriving at a different conclusion. The entire question was one of fact and it cannot be said, as a matter of law, that the evidence was not sufficient to support the judgment. (*People* v. *Burnette*, 39 Cal.App.2d 215 [102 P.2d 799]; *People* v. *Ogden*, 41 Cal. App.2d 447 [107 P.2d 50].)

The appellant next contends that the offense known as the infamous crime against nature is not a crime in this state, that section 286 of the Penal Code simply fixes a punishment but does not make that act a crime or a public offense, and that in the absence of any statutory provision there can be no such offense in this state. This argument is sufficiently answered in *People* v. *Boljat*, 36 Cal.App.2d 644 [98 P.2d 513] and in *People* v. *Battilana*, 52 Cal.App.2d 685 [126 P.2d 923].

It seems to be contended that there was not sufficient proof of the use of force or threats in connection with the taking of the complainant's money and pay check. These articles were taken from the complainant's purse in her presence and the matters to which we have already referred sufficiently disclose the elements necessary to constitute the crime of robbery.

Considerable space is devoted in the appellant's briefs to the contention that he was not given the benefit of the presumption of innocence. The record does not sustain this contention and the jury was fully and fairly instructed in that regard.

In the opening brief it was suggested that the instructions were erroneous without any attempt to point out any particular respect in which this was true. In the closing brief prejudicial error is assigned in refusing to give instructions, requested by the appellant, directing the jury to acquit him and directing the jury to discharge him on the ground "that the court has no jurisdiction of the offense, and that the facts charged do not constitute an offense punishable by law." These matters are sufficiently covered by what we have said and both instructions were properly refused. We have carefully studied all of the instructions and have found no error therein.

The judgment and the order appealed from are affirmed.

Marks, J., and Griffin, J., concurred.