[Civ. No. 21691. Second Dist., Div. One. Apr. 18, 1956.]

JAMES HENRY SMITH, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Wadsworth & Fraser and Charles E. McClung for Petitioner.

S. Ernest Roll, District Attorney, Jere J. Sullivan, Lewis Watnick, and Fred N. Whichello, Deputy District Attorneys, for Respondent.

NOURSE (Paul), J. pro tem.*—Petitioner's motion made pursuant to the provisions of section 995 of the Penal Code to set aside an information charging him with the violation of subdivision 3 of section 261 of that code (forcible rape) having been denied, the petitioner here seeks a writ of prohibition to prevent the superior court from proceeding to try him upon that information. He asserts that the evidence produced at the preliminary hearing was insufficient to show that the offense charged had been committed, or to establish sufficient cause to believe him guilty of the crime charged.

Inasmuch as the admissions of the defendant and his codefendant are ample to establish sufficient cause to believe that the defendant is guilty of the offense charged, the only question that it is necessary for us to decide is whether or not the evidence, other than admissions of the defendant and his codefendant, was sufficient to establish the corpus delicti.

The elements of the crime charged by the information here, forcible rape, are: an act of sexual intercourse with a female other than the wife of the defendant, in which the female resists and her resistance is overcome by force.

In order to establish the first element, that of sexual intercourse, there must be proof of penetration.

We have come to the conclusion that there was evidence sufficient to establish, for the purposes of holding the defendant to answer, each of the elements of the offense.

The evidence shows that the victim, a Mrs. Stevens, was a woman approximately 80 years old; that at the time of the arrest of the defendants she was in the back seat of an automobile driven by petitioner's codefendant, and petitioner was riding in the right-hand front seat; that she had bruises on her face, nose and arms, and that there was a moderate amount of vaginal bleeding.

*Assigned by Chairman of Judicial Council.

From the disparity in the ages of the petitioner and the victim the trial court could draw the inference that the victim was not the wife of the defendant. The bruises upon her face, nose and arms, and the presence of blood upon the inner aspect of her thighs and upon her clothing was sufficient proof of the element of force and resistance.

The evidence as to there having been an act of sexual intercourse with penetration is weak but, we believe, sufficient. The testimony of Mrs. Stevens was taken in a rest home where she was confined, and was not taken until nearly six weeks after the alleged occurrence. On *voir dire* examination it was shown that: she was entirely disoriented; did not know she was in a rest home; did not know how long she had been in that place; thought her age was 60; could not remember her birthday; couldn't remember how long she had lived in Los Angeles; did not know whether or not she had a guardian; could not remember being in the county hospital. After being sworn, she testified in substance that she did not remember being in an automobile with a couple of young fellows who did something to her; did not remember going for a ride in an automobile; said she might have seen the two defendants before but didn't know; could not remember being in an automobile with either of them; that she did not have sexual intercourse with either, but she did remember someone putting his hand over her mouth in an automobile. When asked to tell what happened in the automobile she said it wasn't her fault; that it was an awful hard thing to do; that an assault took place, she didn't like to say what kind; that she was on business in an automobile, but the strange part of it was the man's father and mother were in the same car; that when she said an assault took place she did not know how to explain it. When asked whether anyone put his private part into hers, she said, "Well now, I won't —— I can't go that far. I just can't stand it, I can't." `She then reiterated that the man's mother and father were sitting in the car. After repeated attempts the district attorney was unable to get further facts from her than we have related. The district attorney then asked, "Mrs. Stevens, did somebody rape you?" Her answer was, "Yes, just exactly, you got it right now, just like it is, and his father and mother was there, too, in the car with them." Defendant did not object to the question, nor did he move to strike the answer.

We believe that the evidence just recited, together with the evidence of the physician that there was blood upon

her legs and clothing which in his opinion came from the vagina, was sufficient to prove that an act of sexual intercourse had taken place. There was, therefore, sufficient evidence to justify the magistrate in believing that the offense of rape had been committed, and as there was ample evidence to show the defendant's connection with the offense, the trial court properly denied the motion to dismiss the information.

A peremptory writ is denied, and the alternative writ heretofore issued is discharged.

White, P. J., and Fourt, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied June 6, 1956.