[Crim. No. 5709.   Second Dist., Div. Two.   Dec. 12, 1956.]

THE PEOPLE, Respondent, v. IRVIN LEON MORGAN et al., Defendants; THOMAS DRAPER, Appellant.

Eugene V. McPherson, Joseph A. Armstrong and Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

ASHBURN, J.—Defendant Draper appeals from a judgment of conviction of the charge of commission of the infamous crime against nature (Pen. Code, § 286) upon his willing codefendant Morgan. The crime was proved by an eye witness and defendant did not testify or offer any defense witnesses.

It is claimed that certain evidence was received in violation of the Cahan rule (44 Cal.2d 434 [282 P.2d 905]). Defendant and Morgan were taken *in flagrante delicto* by the police. They were transported forthwith to the police station, thence to Valley Hospital, where the police requested Dr. Nieremberg to make some slides for them. Neither defendant objected and the doctor took from appellant's private part certain fecal matter from which he made some smears and slides that were introduced into evidence over defendant's objection that they were obtained by unlawful search and seizure.

Appellant relies upon *Rochin* v. *California*, 342 U.S. 165 [72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R.2d 1396], which condemned as brutal and violative of due process the forcible extraction of evidence from the stomach of one under arrest. That case is not apposite for there was nothing resembling brutality here and there was apparent consent to the examination of defendant's person. Upon the authority of the following cases it must be held that there was neither a violation of defendant's immunity to self-incrimination nor the making of an unreasonable search and seizure. (*People* v. *Haeussler*, 41 Cal.2d 252, 257, 259 [260 P.2d 8]; *People*

724

v. *Woods,* 139 Cal.App.2d 515, 525 [293 P.2d 901]; *People* v. *Smith,* 142 Cal.App.2d 287, 293 [298 P.2d 540]; *People* v. *Robarge,* 41 Cal.2d 628, 632-633 [262 P.2d 14].) In the Smith case this court said at page 293: "It is the duty of law-enforcing agencies, after such arrest, to explore every area suggested by the circumstances of the apprehension of the accused to the end that if the latter is probably guilty, the evidence will have been so assorted and systematized as to expedite judicial procedure, and if the evidence should not in the opinion of the People's counsel warrant a trial, the accused will be promptly discharged."

█ Moreover, the evidence of the police officer who witnessed the crime was sufficient to sustain the conviction without the aid of the physical examination of the defendant or the smear made as a result of same. In such circumstances any evidence secured through an unlawful search will be disregarded and the judgment affirmed. (*People* v. *Tarantino,* 45 Cal.2d 590, 596-597 [290 P.2d 505]; *People* v. *Lujan,* 141 Cal.App.2d 143, 148 [296 P.2d 93].)

█ It is urged that the evidence is insufficient to sustain the finding of guilt because it does not prove penetration as required by Penal Code, section 287. On the contrary, the testimony of the eye witness is sufficient for that purpose, although he said it would be impossible to state that he saw penetration; his description of what he saw left no room for a negative inference. (See *People* v. *Ramos,* 125 Cal.App.2d 383 [270 P.2d 540].) If that were not so, the circumstantial evidence afforded by Dr. Nieremberg's slides would suffice. (*People* v. *Singh,* 93 Cal.App. 32, 35 [268 P. 958]; *People* v. *Barber,* 3 Cal.App.2d 124, 125 [38 P.2d 798].)

██ Appellant further complains that the court erred in not ordering a sexual psychopath proceeding, although he did not file the affidavit requisite to his initiation of such an inquiry. Apparently the probation officer had recommended one, for, on mention of his report, the court said: "I think sex psychopathy in the case of the defendant Draper is just a waste of time and expense, Mr. Rosen. This man has had a sexual problem for the last 25 years and he has been in the penitentiary before for the same or similar thing." There is no showing of a situation which would require the court to make the order on his own motion, and, as above stated, defendant did not proceed by affidavit as required by section 5501, Welfare and Institutions Code. The matter is committed to the sound discretion of the trial court

in a case not involving a child under 14 years of age (27 Cal.Jur.2d § 143, p. 456; *People* v. *Haley,* 46 Cal.App.2d 618, 622 [116 P.2d 498]; *People* v. *Smith,* 100 Cal.App.2d 162, 165 [223 P.2d 82]), and there is no showing of an abuse of that discretion as there was in *People* v. *Barnett,* 27 Cal.2d 649, 656 [166 P.2d 4], upon which appellant relies.

In *People* v. *Gross,* 139 Cal.App.2d 607, 611 [294 P.2d 88], it is said: "Every person convicted of sexual psychopathy should understand that the period of his confinement might be no less than the maximum time prescribed for sex offenders plus time spent in mental hospitals. (*People* v. *Gross,* 115 Cal.App.2d 502, 505 [252 P.2d 416].)" In response to counsel's suggestion that a 90-day observation period at Atascadero State Hospital would not be "lost" the court, apparently having the Gross case in mind, said: "If he comes back from there the chances are more than even that he is going to go to the State Prison anyhow. We might as well send him there and if they want to send him to Atascadero, that is up to them," and defendant's attorney replied: "Of course, your Honor, I would hate to ask any court to send a man to a hospital for 2 or 3 years with the man having the feeling that when he returns he is going to go to State Prison. I think that is unjust to the individual." After this acquiescence in the court's ruling defendant is in no position to allege error, if one there were.

There was no prejudicial error in this case. The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.