**UNITED STATES of America,
Plaintiff,**

**v.**

**William H. FULLER, Defendant.**

**Crim. No. 898–64.**

United States District Court
District of Columbia.

June 15, 1965.

See also 243 F.Supp. 178.

David Epstein, Asst. U. S. Atty., Washington, D. C., for the Government.

James K. Hughes and E. Grey Lewis, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This case is before the Court at this time on the defendant's motion for judgment notwithstanding the verdict as to one of the three counts of the indictment.

The defendant was indicted on charges of murder and rape. The first count of the indictment charged murder while perpetrating and attempting to perpetrate the crime of rape, which constitutes murder in the first degree. The second count also charged murder in the first degree as a premeditated murder. The third count charged rape. The jury found the defendant guilty on the first count with a recommendation of life imprisonment.[1] On the second count the jury found the defendant guilty of a lesser included offense of manslaughter. It found the defendant guilty of rape on the third count. The defendant moves for judgment notwithstanding the verdict as to the third count, and raises the question whether the corpus delicti was sufficiently proven.

The dead body of the deceased was found in an alley. The surrounding facts indicated that a violent struggle had occurred between her and her assailant. Within a few hours the detectives of the Homicide Squad of the Metropolitan Police Department traced the offense to the defendant. He promptly made a confession, admitting that he attacked and raped the deceased and that during the act of sexual intercourse he hit her on the head in order to prevent her from screaming. The blow silenced her.[2]

It is an elementary principle that a person may not be convicted of a crime on his uncorroborated confession. In addition to the confession, there must be independent proof of the fact that a crime was committed by some one. This is known as proof of the corpus delicti. A confession may then be used to prove that the defendant was the perpetrator of the offense. A well known instance is that in a murder case it is necessary to prove that the victim is dead and that he met his death by criminal means. The defendant's confession may be introduced to prove that he committed the murder.

It is well established, however, that the corpus delicti need not be proved beyond a reasonable doubt. It may be shown by circumstantial evidence. It is sufficient if evidence of corpus delicti, coupled with the defendant's confession, establishes his guilt beyond a reasonable doubt. So, too, the proof of corpus delicti need not be complete. The defendant's confession may be considered in connection with extrinsic evidence of the corpus delicti to establish the commission of the crime as well as the defendant's connection with it. If there is substantial evidence of the corpus delicti independent of the confession and the two together are convincing beyond a reasonable doubt of the commission of the crime and of the defendant's guilt, this is sufficient to sustain a conviction. Ercoli v. United States, 76 U.S.App.D.C. 360, 362–363, 131 F.2d 354; George v. United States, 75 U.S.App.D. C. 197, 201, 125 F.2d 559; People v. Peters, 149 Cal.App.2d 94, 308 P.2d 42; Nickels v. State, 90 Fla. 659, 106 So. 479; State v. Traufer, 109 Mont. 275, 97 P.2d 336; State v. Romo, 66 Ariz. 174, 185 P.2d 757, 765; State v. Cardwell, 90 Kan. 606, 135 P. 597, L.R.A. 1916B, 745.

In a rape case, penetration, although it is an essential element of the

---

1. Under the District of Columbia Code the penalty for murder in the first degree is death unless the jury recommends life imprisonment, in which event it is mandatory on the court to impose life imprisonment.

2. The details as to how the crime was traced to the defendant and the circumstances of the confession are recounted in a prior opinion of this Court in this case, rendered on May 26, 1965, 243 F. Supp. 178.

offense, may be proven by circumstantial evidence. Direct medical testimony on the subject is not required. People v. Peters, 149 Cal.App.2d 94, 308 P.2d 42; People v. Singh, 93 Cal.App. 32, 268 P. 958; Nickels v. State, 90 Fla. 659, 106 So. 479.

In the case at bar, the body of the deceased was found lying on its back, the legs spread apart, the dress raised over the upper part of her body, and the lower part of her underclothing removed. Her belongings were strewn over a wide area. In addition her false teeth and a clump of black hair were found in the vicinity. The Coroner testified that her skull was fractured and that the cause of death was blood clots on the brain that might have been caused by a blow on the head. He found numerous bruises and cuts on various parts of her body, face and head, and fingermarks around her neck. It is clear from the evidence that the victim struggled and that she had been sexually attacked. While the testimony of the Coroner, as well as the notes of the autopsy, were silent concerning the condition of the sexual organs, the defendant confessed that he had sexual intercourse with the deceased and completed the act, and that during this interval he hit her over the head in order to stop her from screaming.

The Court is of the opinion that within the principles summarized above, the proof of *corpus delicti* was sufficient. As a practical matter the question is more or less academic, since on the first count of the indictment charging murder in the first degree, the defendant is to be sentenced to life imprisonment. The Court would naturally impose concurrent sentences on the other counts.

In view of the foregoing discussion, it does not seem necessary to rely on the decisions of the Supreme Court in Opper v. United States, 348 U.S. 84, 93, 75 S.Ct. 158, 99 L.Ed. 101, and Smith v. United States, 348 U.S. 147, 153–154, 75 S.Ct. 194, 99 L.Ed. 192, which were followed in this Circuit in Smoot v. United States, 114 U.S.App.D.C. 154, 312 F.2d 881. These decisions dealt with the problem as to the necessity of proof of a *corpus delicti* in connection with crimes the very commission of which could not be proved without showing the defendant's connection with the offense, such as, for instance, tax evasion. The doctrine was established that in such cases separate proof of *corpus delicti* in the traditional sense could not be reasonably required, but that some corroborative evidence in order to show the truthfulness of the confession, was necessary.

Motion denied.