[Crim. No. 14628. Third Dist. Dec. 19, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHELL MARTINEZ, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to rule 976.1 of the California Rules of Court, the Reporter of Decisions is directed to publish all portions of this opinion except parts II, III and IV.

**COUNSEL**

Richard T. Alcauskas, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally and Maureen S. Dunn, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SPARKS, J.**—Since the original enactment of the Penal Code in 1872, sodomy had been euphemistically defined as "the infamous crime

against nature, committed with mankind or with any animal. . . ." (Former Pen. Code, § 286.) In 1975 the Legislature amended Penal Code section 286 and bluntly redefined the crime of sodomy as "sexual conduct consisting of contact between the penis of one person and the anus of another person." (Stats. 1975, ch. 71, § 7, p. 133.) The issue tendered in this appeal is whether penetration remains an element of the redefined crime of sodomy. We reaffirm that it does.

Defendant Michell Martinez was sentenced to an unstayed prison term of 12 years after a jury convicted him of 3 counts of lewd and lascivious conduct with a child (Pen. Code, § 288, subd. (a); all further undesignated statutory references are to this code), 2 counts of oral copulation with a child under the age of 14 and more than 10 years younger than defendant (§ 288a, subd. (c)), and 1 count of sodomy with a child under the age of 14 and more than 10 years younger than defendant (§ 286, subd. (c)). Defendant contends on appeal, among other things, that the trial court erred in instructing the jury on the crime of sodomy. We agree that the instructional error was prejudicial but reject defendant's remaining contentions in the unpublished portion of this opinion. We therefore affirm the judgment of conviction for all counts except the sodomy count. We reverse the sodomy count and remand for resentencing and for retrial should the People choose to retry that count.

FACTS

The complaining witness was defendant's daughter, K. She was born on November 3, 1970, and testified that her father engaged in numerous sexual acts with her from the time she was 8 or 9 until she was 13 years old. Although she stated that defendant had molested her "a lot," the charges arose out of three specific occasions. The last occasion, upon which counts one and two were based, occurred between her birthday and Christmas in 1983. At that time defendant had stopped living with the family, but he returned to visit and on occasion stayed for the night. On one of those occasions defendant took K. from the bedroom she shared with her brother to the couch in the living room. There he committed several sexual offenses by placing his penis in her vagina, his penis in her mouth, and his mouth on her vagina.

Another occasion formed the basis for counts five and six. K. testified that this sexual molestation occurred when she was baptised on May 8, 1981. At that time defendant put his penis in her vagina and in her mouth. K. told defendant it was wrong because she had been baptised and that it was against her religion, but defendant said that it was not wrong.

The third incident, which formed the basis for counts three and four, occurred when the family was moving to San Jose, and K.'s mother and brothers had already left for San Jose. K. testified that she stayed behind to help defendant finish packing. Defendant took her into the bedroom and tried to put his penis in her rectum, and put his penis in her vagina. K.'s mother confirmed that the family moved to San Jose at the end of October 1979, and agreed that when they moved she went first and defendant and K. stayed to finish packing.

A medical examination revealed that K. has a one-centimeter scar on the side of the external genitalia. The scar was well healed, which indicated that it was at least several months old. K.'s hymen was not intact, and was well healed, indicating that it had been ruptured at least several months before.

The defense was an effort to portray the charges as the result of inter-familial antagonism. There is no question such antagonism exists. It appears that when defendant moved away from the family he started living with a girlfriend, Rose Limas. He had a child with Ms. Limas, but would still visit and occasionally stay with the family. K.'s mother admitted she was hurt and confused by defendant's behavior. She also admitted that she was afraid of defendant and it could be implied that she wanted defendant to be sent to prison. K. admitted that "I want him to pay for what he did to my mother." Defendant denied that any sexual conduct had occurred between himself and K. He felt that his wife had a lot to do with it, and recalled that she had said she would prefer to see him in jail than to let Rose have him.

DISCUSSION

I

Defendant contends that the trial court had a duty to instruct the jury on its own motion that penetration was required to complete the crime of sodomy. The Attorney General counters by arguing that the 1975 amendment to the sodomy statute eliminated the requirement of penetration. Defendant has the better argument.

To understand these contentions we need to sketch the history of the sodomy statutes. As we have recounted, the original statutory definition of sodomy was "the infamous crime against nature, committed with mankind or with any animal. . . ." (Former § 286.)[1] The Supreme Court rejected an

---

[1]As originally enacted, section 286 read: "Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years." The argument that this statute merely fixed a punishment but did not make the act a crime was rejected in *People* v. *Mills* (1943) 58 Cal.App.2d 608, 611 [137 P.2d 698].

early challenge to this statute in *People* v. *Williams* (1881) 59 Cal. 397. There the indictment charged an assault with intent to commit "the infamous crime against nature." The trial court instructed the jury that the crime against nature was synonymous with sodomy. On appeal, defendant argued that the indictment was defective for failure to state a public offense in legally sufficient terms. He further contended that the lower court misinstructed the jury. The high court dispatched those intentions summarily: "Every person of ordinary intelligence understands what the crime against nature with a human being is. [¶] We find no error in the instruction . . . ." (*Id.,* at p. 398.) Thus, "[w]hile the code does not specifically define the offense of the infamous crime against nature, it is commonly known to be that of sodomy." (*People* v. *Battilana* (1942) 52 Cal.App.2d 685, 694 [126 P.2d 923].) ■ And what was sodomy? The term, as Witkin notes, has been used by the cases and commentators to cover two types of acts: "*buggery,* or copulation *per anum* with a human being, and *bestiality,* or copulation of any kind (anal or vaginal) with an animal." (1 Witkin, Cal. Crimes (1963) Sodomy, § 541, p. 494; italics in original.) When the act was between "man and beast any form of copulation is included" and hence when "the offense is committed between man and animal it is complete whether the penetration be vaginal or anal." (*People* v. *Smith* (1953) 117 Cal.App.2d 698, 699-700 [256 P.2d 586].) But when the offense was between persons it must be committed "*per anum.*" (*People* v. *Babb* (1951) 103 Cal.App.2d 326, 330 [229 P.2d 843]; see also *People* v. *Boyle* (1897) 116 Cal. 658 [48 P. 800].)

■ And when was the offense of the crime against nature completed? The answer, found in a companion statute, was when the slightest penetration occurred. As part of the original code of 1872, Penal Code section 287 provided that "Any sexual penetration, however slight, is sufficient to complete the crime against nature." The integral relationship between this statute and section 286 was acknowledged in *People* v. *Singh* (1928) 93 Cal.App. 32 [268 P. 958]. There defendant had been convicted of the infamous crime against nature and on appeal contended that the prosecution had failed to prove he had sexually penetrated the victim's anus. Although the Court of Appeal found there was sufficient circumstantial evidence of that fact, it confirmed the requirement of penetration: "Of course, as is true of the crime of rape, to establish the infamous crime against nature it must be shown by the prosecution beyond a reasonable doubt that the accused had effected a sexual penetration of the anus of the party upon whom it is alleged that he satiated his bestial lust. (Pen. Code, § 287.)" (*Id.,* at p. 34.)[2] That requirement of penetration as an element of the crime of sodomy has

[2]Section 263 of the original Penal Code of 1872 similarly provided for penetration in the case of rape. As originally enacted, that section read: "The essential guilt of rape consists in

been explicitly restated. (*People* v. *McElrath* (1985) 175 Cal.App.3d 178, 185 [220 Cal.Rptr. 698].) It has also been inferentially reaffirmed in a series of sodomy cases holding that the evidence in each instance was sufficient to prove penetration and hence to sustain the finding of guilt. (See e.g., *People* v. *Gonzalez* (1983) 141 Cal.App.3d 786, 789-790 [190 Cal.Rptr. 554]; *People* v. *Terry* (1960) 180 Cal.App.2d 48, 59-60 [4 Cal.Rptr. 597]; *People* v. *Morgan* (1956) 146 Cal.App.2d 722, 724 [304 P.2d 138]; *People* v. *Ramos* (1954) 125 Cal.App.2d 383 [270 P.2d 540]; *People* v. *Barber* (1934) 3 Cal.App.2d 124, 125 [38 P.2d 798].)

This statutory requirement has been translated in CALJIC No. 10.52 (1976 revision) as follows: "Any sexual penetration, however slight, is sufficient to complete the crime of sodomy. Evidence of emission is not necessary." That instruction was neither requested nor given in this case. Nevertheless, defendant argues that the trial court had a sua sponte duty to instruct on all elements of the crime of sodomy and its failure to do so constitutes reversible error. It has long since been settled that the trial court has a duty to instruct on its motion on all essential elements of an offense. (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 715 [112 Cal.Rptr. 1, 518 P.2d 913].) If penetration remains an element of the crime of sodomy, it follows that the failure to give this instruction in this case constituted error. (See *People* v. *McElrath, supra,* 175 Cal.App.3d ·at p. 185.)

The Attorney General argues, however, that penetration is no longer an element of sodomy. He points to the 1975 amendment to section 286. The section was amended to provide, as it does now, that "[s]odomy is sexual conduct consisting of contact between the penis of one person and the anus of another person." (Stats. 1975, ch. 71, § 7, p. 133.) Since section 286 now refers to "contact," the Attorney General argues that penetration is no longer necessary. Drawing a chimerical distinction that is difficult to grasp, he claims that when sections 286 and 287 are read together one is lead "to conclude that all that is required to complete the crime is contact; however '... penetration, however slight, is sufficient.'" Under this construction, some contact less than penetration presumably would suffice to complete the crime. This baffling argument is hardly convincing. At the same time the Legislature amended section 286 to read as it now does, it also reenacted

the outrage to the person and feelings of the female. Any sexual penetration, however slight, is sufficient to complete the crime." The statute was amended in 1979 by substituting the word "victim" for "female" at the end of the first sentence. (Stats. 1979, ch. 994, § 3, p. 3384.) As was the case with sodomy, it has been repeatedly held that the crime of rape requires penetration. (See e.g., *People* v. *Lindley* (1945) 26 Cal.2d 780, 792 [161 P.2d 227]; *People* v. *Karsai* (1982) 131 Cal.App.3d 224, 231 [182 Cal.Rptr. 406]; *People* v. *Ray* (1960) 187 Cal.App.2d 182, 189 [9 Cal.Rptr. 678]; *Smith* v. *Superior Court* (1956) 140 Cal.App.2d 862, 863 [295 P.2d 982]; *People* v. *George* (1949) 91 Cal.App.2d 537, 546 [205 P.2d 464].)

section 287 to require some slight penetration. (Stats. 1975, ch. 71, § 9, p. 134.) Section 287 now provides: "Any sexual penetration, however slight, is sufficient to complete the crime of sodomy." As we have noted, section 287 has long been construed to require some penetration as an element of the crime of sodomy. (*People* v. *Singh, supra,* 93 Cal.App. at p. 34.) If the Legislature had intended to discard the requirement of penetration it obviously would not have reenacted section 287. Indeed, by reenacting section 287 in identical language the Legislature signaled its approval and adoption of the judicial construction given the earlier statute. ■ "It is a cardinal principle of statutory construction that where legislation is framed in the language of an earlier enactment on the same or an analoguous subject, which has been judicially construed, there is a very strong presumption of intent to adopt the construction as well as the language of the prior enactment." (*Union Oil Associates* v. *Johnson* (1935) 2 Cal.2d 727, 734-735 [43 P.2d 291, 98 A.L.R. 1499].) Stated another way, "when the Legislature enacts a law 'framed in the identical language' of a previous law on the same subject, it is presumed that the new law has the same fundamental meaning as the old law." (*State of South Dakota* v. *Brown* (1978) 20 Cal.3d 765, 774 [144 Cal.Rptr. 758, 576 P.2d 473], citation omitted.) Given this unrebutted presumption, we conclude that penetration, however slight, remains an element of sodomy.

The remaining question is whether the failure to instruct on that element of the crime of sodomy constituted reversible error. The Attorney General asserts that any instructional error was harmless in this case, while defendant claims that the error is reversible per se. Although the failure to instruct on one of the elements of a crime has been held to constitute error of constitutional dimension (*People* v. *Garcia* (1984) 36 Cal.3d 539, 550 [205 Cal.Rptr. 265, 684 P.2d 826]), we need not decide whether that failure is reversible error per se (cf. *Rose* v. *Clark* (1986) 478 U.S. 570 [92 L.Ed.2d 460, 106 S.Ct. 3101], with *People* v. *Modesto* (1963) 59 Cal.2d 722 [31 Cal.Rptr. 225, 382 P.2d 33]), or is only reversible under the *Chapman* test of prejudicial error. Under the test announced in *Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065], "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Even if the error here does not call for the application of the reversible per se rule, it was prejudicial under the *Chapman* standard.

■ Here the victim testified that defendant tried to put his penis in her rectum. When asked whether she knew whether it went in or how far she answered, "No." She said she could feel it and it hurt. That evidence would permit the jury to draw an inference that some slight penetration had been made. (*People* v. *Gonzalez, supra,* 141 Cal.App.3d at p. 790.) But it would

not compel the inference to be drawn. The instructions to the jury did not require it to determine whether penetration had in fact been made. Moreover, the prosecutor's argument sought to persuade the jury that penetration was legally irrelevant. She argued to the jury: "Penetration is not an element. It doesn't matter that she can remember how far it went in. That's not an element. It didn't even have to penetrate. It's the contact that the law is talking about." Under these circumstances we cannot declare that the failure to instruct that penetration, however slight, is an element of the offense of sodomy was harmless beyond a reasonable doubt. Reversal of the sodomy conviction is therefore constitutionally mandated.

## II-IV*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

CONCLUSION

Since we find the convictions for three counts of lewd and lascivious conduct (counts one, three and five), and two counts of oral copulation with a child (counts two and six), to have been obtained in a trial free of prejudicial error we will affirm the judgment of conviction as to those counts. Since the jury was not properly instructed on the sodomy count (count four) we will reverse the judgment of conviction as to that count. The People may retry defendant on the sodomy charge, should they so choose. (Pen. Code, § 1262.) In view of the reversal of the sodomy conviction defendant must be resentenced so that the court may reconsider its entire sentencing scheme. (*People* v. *Savala* (1983) 147 Cal.App.3d 63, 70 [195 Cal.Rptr. 193].)

The judgment of conviction for three counts of lewd and lascivious conduct in violation of Penal Code section 288, subdivision (a), and for two counts of oral copulation with a child in violation of Penal Code section 288a, subdivision (c) (counts one, two, three, five and six), is affirmed. The judgment of conviction for one count of sodomy in violation of Penal Code section 286, subdivision (c) (count four) is reversed. The cause is remanded

---

*See footnote, *ante,* page 19.

for resentencing, and for retrial of the sodomy charge should the People so elect.

Blease, Acting P. J., and Sims, J., concurred.