Filed 10/10/24  P. v. Olivares CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B329148 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA121162) |
| v. | |
| VICTOR OLIVARES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Rogelio Delgado, Judge.  Affirmed in part, reversed in part, and remanded.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, and John Yang, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

A jury convicted Victor Olivares (defendant) of committing multiple sexual crimes against his stepdaughter and step-granddaughter when they were young children. On appeal, defendant argues that (1) one of his convictions is unsupported by substantial evidence,[1] and (2) the trial court failed to recognize it had discretion to impose the sentences for two of his convictions concurrently. We reject defendant's first argument but agree with the People's concession of error as to the second. We accordingly affirm defendant's convictions, but vacate his sentence and remand for the trial court to exercise its discretion whether to impose the sentences for the two lewd act counts concurrently or consecutively.

---

[1] The briefing from both parties on this issue was woefully deficient. Their briefs omitted critical facts and asked us to evaluate the sufficiency of the evidence against a crime other than the one actually at issue; the People even misstate one victim's birthdate with a date that would exonerate defendant of most of his crimes. By submitting such deficient and sloppy briefing, the parties effectively told this Court, "Here's an issue that we have inaccurately and incompletely presented; now figure it out yourselves." This barely qualifies as issue spotting; it certainly is not advocacy.

## FACTS AND PROCEDURAL BACKGROUND

### I.  Facts

Brenda M. has several children, including a daughter named Destiny who was born in July 2011.  Brenda also has several grandchildren, including a granddaughter named Bethany who was born in August 2014.

Defendant married Brenda in 2015, and moved in with her.  At that time, defendant was 38 years old.

Between July 2014 and October 2018, defendant committed several sexual acts against Destiny.  As drawn from a forensic interview of Destiny, a summary of Destiny's preliminary hearing testimony, and Destiny's testimony at trial, those acts were comprised of the following:

—  When Destiny was five years old, defendant began "touch[ing]" her "private part" where she "pee[d]."

—  On one occasion, defendant entered a dark room where Destiny was sleeping, took off her clothes, started touching her "private" part, and told Destiny to kiss him.  He then showed Destiny his "body part . . . that pees," and instructed her to touch that part, which she did because she was "scared."  Defendant then "held" her hand under his while moving it up and down along his penis.  He then admonished Destiny not to tell anyone.

—  On multiple other occasions, defendant would "lick[] [Destiny's] body part" "that pees."  She would "cry[]" as he did it.

—  In 2018, defendant not only touched "his private part" with Destiny's "private part," but also put "his private part that pees . . . into her private part that pees."  Destiny told her grandmother and others that this caused her "part" to "hurt[]" and "burn[]."

3

In the summer of 2018, defendant also committed sex acts against Bethany. (The details of these acts are not at issue on appeal, so we will not recount them.)

## II. Procedural Background

### A. *Charges*

The People charged defendant with several crimes. As to Destiny and as to the time frame noted above, the People charged defendant with (1) committing lewd acts (Pen. Code, § 288, subd. (a)),[2] (2) oral copulation with a child 10 years old or younger (§ 288.7, subd. (b)), and (3) "sexual intercourse" with a child 10 years old or younger (§ 288.7, subd. (a)). As to Bethany and as to the time frame noted above, the People charged defendant with (1) committing lewd acts (§ 288, subd. (a)), and (2) oral copulation with a child 10 years old or younger (§ 288.7, subd. (b)). As to the two lewd acts counts, the People alleged that defendant committed those crimes against multiple victims under the One Strike Law (§ 667.61, subd. (i)), and that both victims were under 14 years old at the time of the crimes (§ 667.61, subd. (j)(2)).

### B. *Trial*

After a mistrial was declared due to juror misconduct, the matter proceeded to trial a second time in April 2023.

While testifying, Destiny recalled the incidents in which defendant touched her "private part," the incident in which defendant put her hand on his "private part" in an up-and-down motion, and the multiple incidents in which defendant licked her "private part." However, Destiny testified it was "hard to remember everything," explained that she did not like remembering the incidents and had "tried to forget" them, but

---

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

4

promised that she was "doing [her] best" to remember while testifying.

The People thereafter called the investigating officer to recount Destiny's preliminary hearing testimony, during which Destiny "mention[ed] that [defendant's] private part that pees went into her private part that pees." The sole objection to this testimony was that the examination was "leading"; when the People responded, "[i]t's [a] consistent statement," the trial court stated, "[g]o ahead."

The People also introduced the transcript from an October 2018 forensic interview of Destiny, during which she reported to the interviewer (just as Destiny testified at trial that she reported to her grandmother) that her "private [part]" "started hurting" after the most recent incident.

The jury found defendant guilty of all charged counts and found true all allegations.

### C. *Sentencing*

The trial court imposed a prison sentence of 50 years to life. Specifically, the court applied the One Strike Law (§ 667.61, subds. (a), (c) & (d)(7)) to impose sentences of 25 years to life on each lewd act count because both Destiny and Bethany were under the age of 14 at the time of defendant's sex acts against them. The court then ran those sentences consecutively, stating "under 667.61 [subdivision] (e) [the sex acts were] committed against . . . multiple victims, different victims, which would require, pursuant to the statute, consecutive sentences." The court imposed sentences of 15 years to life on the remaining counts, and elected to run them concurrently to the 50-year-to-life sentence.

5

**D.** *Appeal*

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that (1) his conviction for sexual intercourse with a child 10 years old or younger must be reversed for insufficiency of the evidence, and (2) the trial court erred in running the sentences for the two lewd act counts consecutively without recognizing it had discretion to run them concurrently.

## I. Sufficiency of the Evidence

To prove the crime of sexual intercourse with a child 10 years old or younger, the People must prove (1) "[t]he defendant engaged in a[n] act of sexual intercourse . . . with the victim," (2) "when the defendant did so, the victim was 10 years of age or younger," and (3) "at the time of the act, the defendant was at least 18 years old." (*People v. Mendoza* (2015) 240 Cal.App.4th 72, 79; CALCRIM No. 1127; see, § 288.7, subd. (a).)[3] "Sexual intercourse" means "any penetration, no matter how slight, of the vagina *or genitalia* by the penis." (*Mendoza*, at p. 79, italics added; *People v. Dunn* (2012) 205 Cal.App.4th 1086, 1097; see § 263 ["Any sexual penetration, however slight, is sufficient to complete the crime"].) Because penetration of the genitalia is sufficient, penetration of the labia majora is sufficient; there need not also be penetration of the vagina. (*Dunn*, at p. 1097; *People v. Quintana* (2001) 89 Cal.App.4th 1362, 1370-1371.)

In evaluating whether sufficient evidence supports a conviction, we ask only whether the record as a whole ""discloses substantial evidence—that is, evidence which is reasonable,

---

[3]     Both parties' briefs mistakenly assert that the crime at issue is oral copulation with a child 10 years old or younger under section 288.7, subd. (b).

6

credible, and of solid value—such that a reasonable trier of fact could find [the penetration element] beyond a reasonable doubt.”'” (*People v. Ghobrial* (2018) 5 Cal.5th 250, 277, italics omitted.)  In undertaking this inquiry, we may not reweigh the evidence; instead, we must review the evidence in the light most favorable to the jury's verdict and resolve all conflicting inferences and credibility findings in favor of that verdict.  (*In re Caden C.* (2021) 11 Cal.5th 614, 640; *People v. Reed* (2018) 4 Cal.5th 989, 1006.)

Substantial evidence supports the conviction for sexual intercourse with a minor 10 years of age or younger by a person older than 18.  It is undisputed that Destiny was 10 years old or younger and that defendant was in his thirties at the time of this crime.  There is also evidence from which a reasonable trier of fact could find penetration (and hence sexual intercourse) beyond a reasonable doubt—namely, Destiny's preliminary hearing testimony that defendant's "private part that pees *went into* her private part that pees" (italics added), coupled with her testimony that she felt pain.  This quantum of evidence is comparable to evidence that has been found to be sufficient proof of penetration in other cases.  (*People v. Karsai* (1982) 131 Cal.App.3d 224, 233 [victim's testimony that defendant went "between [her] lips" and that it "hurt"; sufficient evidence of penetration], disapproved on other grounds, *People v. Jones* (1988) 46 Cal.3d 585, 600, fn. 8; see also, *People v. Thomas* (1986) 180 Cal.App.3d 47, 55-56 [victim's testimony that defendant "tried to enter" anus and that it "hurt"; sufficient evidence of penetration]; *People v. Martinez* (1986) 188 Cal.App.3d 19, 25 [same]; *People v. Gonzalez* (1983) 141 Cal.App.3d 786, 789-790 [victim's testimony that defendant "tried to enter a little bit" and that it caused "a lot of pain";

sufficient evidence of penetration], disapproved on other grounds, *People v. Kurtzman* (1988) 46 Cal.3d 322, 330.) Because penetration is established by insertion of the penis between the labia majora, the examination by Destiny's pediatrician showing an absence of evidence of damage to Destiny's hymen or other physical damage to her genitalia does not render Destiny's testimony incredible (and hence unable to constitute substantial evidence). Similarly, the People's expert's testimony that the pain Destiny felt could have resulted from insertion of defendant's penis between Destiny's labia majora or between her legs is not inconsistent with Destiny's testimony that she felt defendant's penis go "into" her "private part."

Defendant resists this conclusion with two arguments.

First, defendant argues that the sole evidence that defendant's penis "went into" Destiny's "private part" came from Destiny's preliminary hearing testimony, that this testimony should have been excluded from evidence as hearsay, and that the remaining evidence is insufficient to establish penetration.

We reject this argument for two reasons.

To begin, defendant forfeited the hearsay objection he raises now by not objecting on hearsay grounds below. (Evid. Code, § 353; *People v. Dennis* (1998) 17 Cal.4th 468, 530 [objection on the basis of "leading" does not preserve objection on the basis of "hearsay"].) Contrary to what defendant urges, this is not a case where we can overlook the improper ground for the objection because *the court* nevertheless understood the proper ground on its own; here, all *the court* stated was "[g]o ahead." (Cf. *People v. Scott* (1978) 21 Cal.3d 284, 290.)

Further, defendant's hearsay objection lacks merit because Destiny's preliminary hearing testimony was admissible under

8

the former testimony exception to the hearsay rule.[4] (Evid. Code, §§ 1290-1292.) Under that exception, the "former testimony" of a witness—which includes a witness's testimony at a preliminary hearing (*id.*, § 1290, subd. (a))—is admissible under the hearsay rule if that testimony is (1) admitted against a party who "had the right and opportunity to cross-examine the declarant [at the prior hearing] with an interest and motive similar to that which he has at the [current] hearing," and (2) the declarant is "unavailable as a witness" at the current hearing. (*Id.*, § 1291, subd. (a)(2).) Here, Destiny's preliminary hearing testimony is being admitted against defendant, who was a party to the preliminary hearing and who had the same motive and opportunity to cross-examine her at that prior hearing. (Accord, *People v. Stritzinger* (1983) 34 Cal.3d 505, 515-516 [motive and opportunity elements satisfied when introducing a witness's preliminary hearing testimony against a defendant at trial].) Moreover, Destiny's genuine lack of memory about the incident in which defendant penetrated her renders her unavailable as a witness as to that incident. (*People v. Alcala* (1992) 4 Cal.4th 742, 774-775, 778-780 [genuine lack of memory renders witness unavailable under former testimony exception]; *People v. Price* (1991) 1 Cal.4th 324, 415 [assuming this to be true]; cf. *People v. Hawthorne* (1992) 4 Cal.4th 43, 55 [deferring to trial court's "implied[] determin[ation]" that witness's lack of memory did not render him unavailable]; *People v. Coffman and Marlow* (2004)

---

[4] Because we conclude this exception applies, we need not address the parties' arguments that the prior consistent statement exception or prior inconsistent statement exception applies. As the parties only identified these possible exceptions, we solicited supplemental briefing on the applicability of the former testimony exception.

34 Cal.4th 1, 79-80 [*feigned* lack of memory does not render witness unavailable].)[5]  Contrary to what defendant asserts, a witness's lack of memory need not be total and need not be accompanied by expert testimony before that witness's genuine inability to recall a separate and specific incident renders her unavailable as to her testimony about that incident.  (Cf. *Price*, at p. 415 [genuine lack of "memory of certain details" of an incident did not render witness unavailable when "he recalled far too much" about the incident]; Evid. Code, § 240, subd. (c) [expert testimony "may" be used to establish unavailability].)  Defendant more globally criticizes the prosecutor for not more effectively arguing in favor of the former testimony exception at trial, but the prosecutor had no reason to do so in light of defendant's failure to object at trial on hearsay grounds.  And although the People elected to introduce Destiny's former testimony through the investigating officer who heard that testimony rather than through the preliminary hearing transcript, this is of no moment because the officer was a percipient witness to that testimony

---

[5]    Although some cases hold that a witness's genuine lack of memory does not render her unavailable for purposes of assessing whether a defendant had an opportunity to cross-examine the witness at trial as required by the Confrontation Clause (e.g., *People v. Noriega* (2015) 237 Cal.App.4th 991, 1001), that is a separate issue from whether a witness's genuine lack of memory at trial renders the witness unavailable for purposes of admitting her testimony under the former testimony exception (*People v. Perez* (2000) 82 Cal.App.4th 760, 767, fn. 2 [noting this distinction]).

10

and because defendant has not suggested that the officer's recounting of Destiny's testimony was inaccurate.[6]

Second, defendant argues that even if Destiny's preliminary hearing testimony is considered, the evidence of penetration is still not "precise and specific" within the meaning of *People v. Paz* (2017) 10 Cal.App.5th 1023, 1038.  Borrowing from out-of-state authority, *Paz* adopted a rule that "prosecutors must elicit precise and specific testimony to prove the required penetration beyond a reasonable doubt" rather than "us[ing] vague, euphemistic language." (*Paz*, at p. 1038.)  Even if we assume *Paz* properly states the law, its standard was met here because the sole issue is whether defendant penetrated Destiny's genitalia and because Destiny's testimony that his "private part" "went into" her "private part" is specific enough to establish the fact of such penetration.  While the use of phrases like "private part" are not anatomically precise, Destiny was six or seven years old at the time of the incident and 11 years old at the time of trial; to require greater medical precision of such young witnesses would effectively immunize those who prey on the youngest of victims.  (*People v. Jones* (1990) 51 Cal.3d 294, 299-300 [convictions for lewd acts under section 288 may properly be based on "nonspecific" or "'generic'" testimony from the victim].)

## II.  Sentencing

As the People concede, the trial court appeared to labor under the misconception that it was *required* to impose

---

[6]  Further, because the officer testified from his own memory and was not merely summarizing the transcript of the preliminary hearing, there is no secondary evidence issue.  (Evid. Code, § 1521 [secondary evidence rule only applies when a witness testifies to the "content of a writing"].)

consecutive sentences for the two lewd act counts due to the jury's finding that defendant committed those two crimes against multiple victims.  Although the imposition of consecutive sentences is mandatory under the One Strike Law if a defendant commits certain sex crimes against multiple victims (§ 667.61, subd. (i)), the crimes to which this mandate applies are statutorily enumerated and the crime of committing lewd acts is *not* on that enumerated list.  (§§ 667, subd. (i) [applying rule of consecutive sentences to crimes listed in subdivisions (c)(1) through (c)(7); *id.*, subd. (c)(8) [listing committing a lewd act].)  Where consecutive sentences are not mandated, the trial court retains the discretion to impose consecutive or concurrent sentences.  (*People v. Valdez* (2011) 193 Cal.App.4th 1515, 1524 [so holding].)  Because the trial court here did not appreciate that it had this discretion, we remand to allow the court to exercise it in the first instance.  (See *People v. Coelho* (2001) 89 Cal.App.4th 861, 889.)

### DISPOSITION

The convictions are affirmed.  The sentence is vacated, and the matter remanded for the trial court to exercise its discretion whether to run the 25 years to life sentences for the two counts of lewd acts consecutively or concurrently.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:

12

_____, P. J.
LUI


_____, J.
CHAVEZ